James K. STEVENS and Iva Stevens, Appellants,

v.

MOTORISTS MUTUAL INSURANCE COMPANY, Appellee.

No. 88–SC–167–DG.

Supreme Court of Kentucky.

Nov. 17, 1988.

David L. Holmes, Bernard F. Lovely, Vimont & Wills, Lexington, for appellants.

James D. Ishmael, Jr., Wyatt, Tarrant & Combs, Lexington, for appellee.

WINTERSHEIMER, Justice.

This appeal is from the decision of the Court of Appeals which affirmed dismissal of the Stevens' claim against Motorists Mutual Insurance Company, their homeowners' insurance company, under the Consumer Protection Act, KRS 367.220(1), for unfair, false, misleading and deceptive acts.

Two issues are presented:

1) Does the Kentucky Consumer Protection Act provide homeowners with a remedy against their own insurance company? This turns on whether the Stevens purchased "goods or services" as covered by the Act.

2) If the Consumer Protection Act establishes a cause of action, did the Stevens present sufficient evidence of false, misleading or deceptive acts to withstand a motion for directed verdict?

Following blasting for nearby sewer construction work, the Stevens noticed damage to their home which was timely reported to Motorists, whose policy covered such blasting-related damage. A claims adjuster for Motorists advised the Stevens and their attorney that two of its engineers had discovered no blasting-related damage to the residence, and as a result, the insurance company denied the claim. The Stevens then sued the construction company for the alleged blasting damage and also sued Motorists on various theories which ultimately included not only the original breach of contract and common law bad faith but also a statutory claim under the Consumer Protection Act. Only the breach of contract theory reached the jury which unanimously awarded the Stevens $9,000. A directed verdict against the Stevens on the

Consumer Protection Act claim is the subject of this appeal. The Court of Appeals affirmed the decision of the circuit court stating that the acts complained of were not within the provisions of the statute.

The Stevens maintain their insurance company intentionally misrepresented the engineers' reports and arbitrarily refused to negotiate their claim. The Kentucky Consumer Protection Act, KRS 367.220, does provide a homeowner with a remedy for the conduct of their own insurance company in denying such a claim because the act has provided a "statutory" bad faith cause of action. The Stevens have a cause of action against Motorists for unlawful acts pursuant to KRS 367.170 and cognizable under KRS 367.220(1).

KRS 367.220(1) provides that:

Any person who purchases or leases goods or *services* primarily for personal, family or *household* purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS 367.170, may bring an action.... Nothing in this subsection shall be construed to limit a person's right to seek punitive damages where appropriate. (Emphasis added.)

We hold that the purchase of an insurance policy is a purchase of a "service" intended to be covered by the Consumer Protection Act. The Stevens purchased a homeowners' insurance policy protecting their home against certain losses and are the class of persons who purchased services primarily for personal, family or household purposes.

KRS 367.170(1) provides that:

Unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce, are hereby declared unlawful.

The terms "false, misleading and deceptive" has sufficient meaning to be understood by a reasonably prudent person of common intelligence. *Dare to be Great, Inc. v. Commonwealth, ex rel Hancock,* Ky., 511 S.W.2d 224 (1974). Therefore, when the evidence creates an issue of fact,

that any particular action is unfair, false, misleading or deceptive it is to be decided by a jury. The trial court denied the Stevens the right to have this factual question determined by a jury when it directed a verdict against them.

This is a question of first impression in Kentucky. However, several other states have decided this issue. Washington, Pennsylvania, Massachusetts, Texas and Illinois have held that insurance practices can give an insured a cause of action under their particular consumer protection acts against an insurer. Also, a federal court has held that insurance is a "service" under the Connecticut Consumer Protection Act. *Doyle v. St. Paul Fire & Marine Insurance Co.,* 583 F.Supp. 554 (D.Conn. 1984).

Washington, in a unanimous *en banc* decision, held that post-sale actions by an insurer which were unlawful and against public policy, were covered by the Consumer Protection Act of that state. *Salois v. Mutual of Omaha Ins. Co.,* 90 Wash.2d 355, 581 P.2d 1349 (1978); *Whistman v. West American of Ohio Cas. Group,* 38 Wash.App. 580, 686 P.2d 1086 (1984).

Pennsylvania held that a claim against an insurer based on an unfair or deceptive act or practice stated a cause of action under that state's Consumer Protection Law. *Pekular v. Eich,* 355 Pa.Super. 276, 513 A.2d 427 (1986).

Massachusetts held that the sale of a motor vehicle insurance policy was a sale of property and of services within the meaning of their Consumer Protection Act and that a cause of action was provided in the law for false and deceptive insurance practices. *Dodd v. Commercial Union Ins. Co.,* 373 Mass. 72, 365 N.E.2d 802 (1977). This holding was later extended to homeowner's insurance in *Noyes v. Quincy Mutual Fire Ins. Co.,* 7 Mass.App. 723, 389 N.E.2d 1046 (1979).

The Texas courts have held that the term "services" includes the purchase of insurance policies. *McNeill v. McDavid Ins. Agency,* 594 S.W.2d 198 (Tex.Civ.App. 1980); *Ranger County Mut. Ins. Co. v.*

*Guinn*, Tex.Civ.App., 608 S.W.2d 730 (1980); *Dairyland County Mutual Ins. Co. v. Harrison*, 578 S.W.2d 186 (Tex.Civ. App.1979); *McCrann v. Klaneckey*, 667 S.W.2d 924 (Tex.App. 13 Dist. 1984); *Allstate Ins. Co. v. Kelly*, 680 S.W.2d 595 (Tex.App. 12 Dist. 1984).

Likewise, Illinois has held that the sale of insurance is a service under their Consumer Fraud and Deceptive Business Practices Act. *McCarter v. State Farm Mutual Auto Ins. Co.*, 130 Ill.App.3d 97, 85 Ill.Dec. 416, 473 N.E.2d 1015 (3 Dist.1985)

Four states have ruled against the applicability of consumer protection laws to insurance practices. *Britton v. Farmer Insurance Group*, 721 P.2d 303 (Mont.1986); *Comeaux v. Pa. General Ins. Co.*, 490 So. 2d 1191 (La.App. 3 Cir.1986); *Wilder v. Aetna Life & Casualty Ins.*, 140 Vt. 16, 433 A.2d 309 (1981); *Bell v. League Life Ins. Co.*, 149 Mich.App. 481, 387 N.W.2d 154 (1986). The statutes of Montana, Louisiana and Michigan specifically exempt the application of the Consumer Protection Acts to the regulated insurance industry. The results from these jurisdictions turn on the precise language of the consumer protection act in question.

Our examination and analysis of the various cases indicates clearly that the Kentucky legislature created a statute which has the broadest application in order to give Kentucky consumers the broadest possible protection for allegedly illegal acts. In addition, KRS 446.080 requires that the statutes of this Commonwealth are to be liberally construed.

*Federal Kemper Ins. Co. v. Hornback*, Ky., 711 S.W.2d 844 (1986) is not dispositive of a claim under the statutory Consumer Protection Act. That case holds that a common law cause of action no longer exists in Kentucky for bad faith insurance practices. It is not applicable in regard to a statutory cause of action for bad faith insurance practices.

An insurance policy is nothing more and nothing less than a contract providing for delivery of financial services as specified in the policy when loss occurs as described in the policy. As such it is in the same class as other financial services. Our Consumer Protection Act has no exclusion for such services simply because insurance is involved, or because insurance is a regulated industry, and there is no logical reason to assume its exclusion in the absence of a statutory exception. On the other hand, in Kentucky we have a statute expressly providing for a private remedy for injury from violation of a statutory protection. This statute applies here, and it states:

> A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation. KRS 446.070.

The Stevens claim their evidence establishes that the insurance company refused to give them copies of the engineering reports although they were requested on at least two separate occasions; that the insurance company misrepresented the contents of the engineering reports because the company never told the Stevens that one of the engineers recommended a settlement of the claim; and that the insurance company terminated settlement when there was apparently reasonable grounds for a compromise.

The experts hired by the insurance company each submitted a report. The first expert in two pages stated that there was no structural damage from the blasting. The second expert, Dr. Broderson in a 120-page report which cost the insurance company $3,322.66, indicated that he believed some of the damage to the residence may have been caused by blasting and he recommended a settlement and provided a formula by which such a settlement could be calculated. After seven months of the claim process, and only after the circuit court ordered the insurance company to produce the reports of the engineers, did the Stevens have an opportunity to learn the true facts.

It is the holding of this Court that the Kentucky Consumer Protection Act provides a homeowner with a remedy against the conduct of their own insurance company pursuant to KRS 367.220(1) and KRS

367.170. The Court of Appeals never addressed the second issue, whether the evidence was sufficient to withstand the motion for directed verdict. Therefore, we remand to the Court of Appeals to review the record and decide upon the sufficiency of the evidence.

The decision of the Court of Appeals is reversed and this case is remanded to the Court of Appeals for further consideration consistent with this Opinion.

STEPHENS, C.J., and LAMBERT and LEIBSON, JJ., concur.

VANCE, J., concurs in result only.

GANT, J., dissents.