**COMMONWEALTH of Kentucky, ex rel., Frederic J. COWAN, Attorney General, Appellant,**

v.

**TELCOM DIRECTORIES, INC., Appellee.**

No. 90–SC–223–DG.

Supreme Court of Kentucky.

April 11, 1991.

Wanda Delaplane, Noral K. McCormick, Michael A. Wright, Asst. Attys. Gen., Frankfort, for appellant.

Leslie Rosenbaum, Rosenbaum and Rosenbaum, Lexington, Frank J. Shannon, III, Atlanta, Ga., for appellee.

JOHN DAVID COLE, Special Justice.

The question before the Court is whether the Kentucky Consumer Protection Act is preempted by the U.S. Postal Service regulations dealing with nonmailable materials.

The Attorney General in the complaint, as amended, alleges Appellee Telcom Directories, Inc. (hereinafter Telcom) engaged in a course of conduct that was unfair, false, misleading and deceptive in violation of the Kentucky Consumer Protection Act, KRS 367.170.

Telcom is a Nevada corporation that has as its only contact with this state the direct mail solicitation of business. This is done in the form of a package sent to certain businesses for the purpose of soliciting listings in yellow pages published by Telcom. One such solicitation package was sent to the Kentucky Consumer Protection Agency and is now filed as an exhibit to the complaint.

The package is an envelope with a window, and the solicitation is on yellow opaque paper with directions to return the order by a certain date. The column on the left identifies the business listing, the middle column the classification, and the right column states "annual rate of $93.00."

The complaint as amended does make reference to the requirements of the United States Postal Service, 39 U.S.C. § 3001(d)(2)(A), 39 CFR 111 and the Domes-

tic Mail Manual, Section 123.4; however, the complaint clearly alleges the violation and seeks relief under the provisions of KRS 367.170 and KRS 367.190. The complaint does not allege the violation or seek relief under federal statutes and regulations.

The Attorney General argues that the solicitations are deceptive because they give the appearance of an "invoice," and consumers might reasonably construe this to constitute a bill. Telcom denies these allegations and contends the state court is without jurisdiction to decide this matter.

On March 3, 1989, the Franklin Circuit Court entered summary judgment in favor of the Attorney General, concluding "... these solicitations or advertisements are designed to appear as invoices and, as such, constitute a misleading, unfair or deceptive practice in violation of KRS 367.170." The summary judgment went on to provide injunctive relief and a means for determining damages. It is significant to note that the summary judgment makes no reference to federal statutes and regulations and is based upon the violation of state law.

Telcom appealed, and on March 2, 1990, the Court of Appeals reversed and remanded with directions that the complaint as amended be dismissed. The Court of Appeals considered only the issue of jurisdiction and concluded that the Franklin Circuit Court was without jurisdiction to consider this matter by reason of federal preemption. Specifically, the United States Postal Service Statutes and Regulations referenced in the complaint evidenced Congressional intent to legislate comprehensively and "left no room for the States to supplement federal law." Therefore, Telcom could not be found to be in violation of state law.

We disagree.

The substantive issue is whether the federal postal laws and regulations have preempted the state consumer protection statutes and jurisdiction.

The Supremacy Clause of Article VI of the U.S. Constitution provides Congress with the power to preempt state law. Article I, Section 8, Clause 7 provides that Congress shall have the power to establish post offices and post roads, and this ultimately led to the enactment of 39 U.S.C. § 3001(d). This federal interest and authority is balanced by the interest and rights retained by the people and not delegated by the states, as meaningfully expressed in Amendments IX and X to the U.S. Constitution.

■ As a general statement, preemption occurs when Congress, in enacting a federal statute, expresses a clear intent to preempt state law, *Jones v. Rath Packing Co.*, 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977); when there is outright or actual conflict between federal and state law, e.g., *Free v. Bland*, 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962); where compliance with both federal and state law is in effect physically impossible, *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963); where there is implicit in federal law a barrier to state regulation, *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); where Congress has legislated comprehensively, thus occupying an entire field of regulation and leaving no room for the states to supplement federal law, *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947); or where the state law stands as an obstacle to the accomplishment and execution of the full objectives of Congress. *Hines v. Davidowitz*, 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581 (1941).

It is agreed that 39 U.S.C. § 3001(d) contains no express preemptive language, and the Court of Appeals found preemption based upon its conclusion that Congress had intended to legislate *comprehensively* in this area of consumer protection, leaving no room for the states to supplement federal law.

■ Consumer protection is of historically recent origin and an area traditionally occupied and regulated by the various states. "When Congress legislates in a field traditionally occupied by the states, 'we start with the assumption that the historic police powers of the states were not

to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.' " *Rice v. Santa Fe Elevator Corp.*, supra, 331 U.S. at 230, 67 S.Ct. at 1152. Telcom must overcome the presumption that the Kentucky Consumer Protection Act, KRS 367.170, is not preempted.

■ 39 U.S.C. § 3001(d) et seq. directly involves and regulates nonmailable matters, and provides in part:

Matter otherwise legally acceptable in the mails which—

(1) is in the form of, and reasonably could be interpreted or construed as, a bill, invoice, or statement of account due; but

(2) constitutes, in fact, a solicitation for the order by the addressee of goods or services, or both;

is nonmailable matter, shall not be carried or delivered by mail, and shall be disposed of as the Postal Service directs, unless such matter bears on its face, in conspicuous and legible type in contrast by typography, layout, or color with other printing on its face, in accordance with regulations which the Postal Service shall prescribe.

KRS 367.170 provides:

(1) Unfair, false, misleading, or deceptive acts or practices in the conduct of ANY trade or commerce are hereby declared unlawful. [emphasis added]

(2) For the purposes of this section, unfair shall be construed to mean unconscionable.

The Kentucky Consumer Protection Act, KRS 367.110 et seq., has been given broad construction and application by this Court. In *Stevens v. Motorists Mut. Ins. Co.*, Ky., 759 S.W.2d 819 (1988), this Court held that the purchase of insurance was a service, within the meaning of KRS 367.220(1), and therefore the homeowner was entitled to the protection afforded by KRS 367.170(1). In so doing, it was noted:

Our examination and analysis of the various cases indicates clearly that the Kentucky legislature created a statute which has the broadest application in order to give Kentucky consumers the broadest possible protection for allegedly illegal

acts. In addition, KRS 446.080 requires that the statutes of this Commonwealth are to be liberally construed. *Id.* at 821.

With this analysis, it is appropriate to compare the federal and state statutes for the purpose of deciding the issue of preemption. This analysis will properly include subject matter, remedy and intent.

First, a comparison of the subject matter to be regulated indicates that 39 U.S.C. § 3001(d) regulates the act of mailing and nonmailable matters. The application of KRS 367.170 is not limited to mailed materials, and in this case, regulates events after the delivery of the mail. Telcom is subject to regulation under the federal statute for mailed materials, but apparently not for materials sent by FAX or by private mail carrier. Telcom is subject to regulation under the state statute for materials received, whether by mail, FAX or private mail carrier.

Second, a comparison of the remedies provided by the two statutes indicates that 39 U.S.C. § 3001(d) et seq. provides for a stop order and other remedies for the benefit of the U.S. Postal Service. There is no private or individual federal remedy. KRS 367.170 et seq. provides for remedies, in this instance, after the mail is delivered. The state is afforded a remedy for the benefit of its citizens, and the individual citizens are afforded a private right of action to sue in their own names.

Third, considering the absence of conflict between the state and federal statutes and the failure of the federal statutes to comprehensively deal with the rights of consumers after the delivery of mailed material, this Court finds an absence of Congressional intent to preempt the area from further and supplemental state regulation.

This Court finds that the state trial court had jurisdiction to entertain this action under KRS 367.170 and was not deprived of jurisdiction by federal preemption.

This result is consistent with *Roth v. United States*, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), which specifically upheld the right of the state to regulate materials received by mail and rejected the

argument of postal preemption. Further, in *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. Abrams*, 899 F.2d 1315 (2nd Cir.1990), the Court found the New York automobile "Lemon Law" was not preempted by the Magnuson–Moss Warranty Act, 15 USC Sections 2301–2312; in *Conte & Co., Inc. v. Robert T. Stephan, Attorney General of the State of Kansas*, 713 F.Supp. 1382 (D.Kan.1989), the Court rejected the postal preemption argument and enforced the Kansas Consumer Protection Act. These federal cases recognize the right of state jurisdiction and remedy, and similar results have been reached by state courts.[1]

■ It is not the role of this Court to legislate; however, it has the clear responsibility to apply and enforce the laws of this state. The legislature enacted KRS 367.170 et seq. to afford state jurisdiction and individual remedies for those protected by this consumer legislation. This we intend to do, by rejecting the argument of postal preemption.

■ The procedural issue is whether Telcom is entitled on reversal for this matter to be remanded to the Court of Appeals for consideration of the summary judgment on its merits.

It is the position of the Attorney General that by reason of the failure of Telcom to file a cross-motion for discretionary review, as required by CR 76.21(1), the merits of the summary judgment in favor of the Attorney General have been affirmed. Specifically, that based upon this Court's conclusion that state court jurisdiction has not been federally preempted by implication, and absent Telcom raising the merits of the summary judgment for review by this Court, it is affirmed.

The requirement of CR 76.21(1) is clear, and it has been properly interpreted and applied in *Comm. of Ky., Transportation Cabinet, Dept. of Highways v. Taub*, Ky., 766 S.W.2d 49 (1988) and *Green River District Health Dept. v. Wigginton*, Ky., 764 S.W.2d 475 (1989).

In this instance, the only issue considered by the Court of Appeals was whether state court jurisdiction had been federally preempted. Upon its determination that such was the case, it was without power to decide any other issue raised including the propriety of the summary judgment. The determination by any court that it lacks authority to decide the controversy constitutes an express declaration that it is without power to decide any other issue. Accordingly, we conclude that a cross-motion for discretionary review was not required and that the Court of Appeals is not precluded from consideration of this matter on the merits.

This case illustrates a proper balance between federal and state interests, and the inherent police power of this state to afford consumer protection for its citizens. In so doing, this Court reaffirms the strong public policy of this state in favor of consumer protection from any unlawful trade or commercial practice.

For the above reasons, the opinion of the Court of Appeals is reversed, and this matter remanded to the Court of Appeals for consideration of the summary judgment on its merits.

STEPHENS, C.J., and COMBS, LAMBERT, LEIBSON, SPAIN and WINTERSHEIMER, JJ., concur.

REYNOLDS, J., not sitting.

**1.** See *State of Washington v. Readers Digest Assoc., Inc.*, 81 Wash.2d 259, 501 P.2d 290 (1972); *cert. denied*, 411 U.S. 945, 93 S.Ct. 1927, 36 L.Ed.2d 406 (1973); *State ex inf. Danforth v. Reader's Digest Assoc., Inc.*, 527 S.W.2d 355 (Mo. 1975).