**TELCOM DIRECTORIES, INC., Appellant,**

v.

**COMMONWEALTH of Kentucky, ex rel. Frederic J. COWAN, Attorney General, Appellee.**

No. 89–CA–000675–MR.

Court of Appeals of Kentucky.

Dec. 6, 1991,

As Modified on Denial of Rehearing Feb. 28, 1992.

Publication ordered Feb. 28, 1992.

Discretionary Review Denied by Supreme Court Aug. 26, 1992.

Leslie Rosenbaum, Rosenbaum & Rosenbaum, P.S.C., Lexington, Frank J. Shannon, III, Atlanta, Ga., for appellant.

Wanda R. Delaplane, Nora K. McCormick, Asst. Attys. Gen., Frankfort, for appellee.

Before DYCHE, HOWERTON and SCHRODER, JJ.

DYCHE, Judge.

This case is before the Court on remand from the Supreme Court of Kentucky "for consideration of the summary judgment on its merits." The relevant facts are fully set out in the Supreme Court opinion found at 806 S.W.2d 638 (1991) and need not be repeated here.

■ We have examined the record and find that appellant has not raised sufficient factual issues to require a jury trial, even under the strict standards enunciated in *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476 (1991). We agree with the trial court that the subject documents are misleading and deceptive as a matter of law. Appellant attempts to create issues of fact through the affidavit of Vernon Frazier, an officer and employee of appellant. The affidavit consists, however, much more of Mr. Frazier's interpretations of exhibits already in the record than recitation of facts material to the issue at hand.

The argument that the trial court failed to view the "solicitation" as a whole must fail; the trial court in its order and judgment referred to the brochure which appellant claims was ignored.

■ Appellant next argues that the Consumer Protection Act is unconstitutional as being overly broad and vague. This argument was answered in the negative by *Dare to be Great, Inc. v. Commonwealth, ex rel. Hancock*, Ky., 511 S.W.2d 224 (1974):

> KRS 367.170 is claimed to be void for vagueness in that its terms are undefined in the act and reasonably prudent persons of common intelligence cannot understand their meaning. No case involving similar terms is cited by appellants. We are of the opinion that the words *false, misleading* and *deceptive* have meanings which are generally well understood by those who want to understand them. The terms are certainly no less broad then [sic] the language used in 15 U.S.C. Section 45(a)(1) which forbids:
>
> "... unfair or deceptive acts or practices in commerce,...."

Although not ruling directly upon the constitutionality of this section, the Supreme Court in *Federal Trade Com'm. v. Colgate–Palmolive Company*, 380 U.S. 374, 85 S.Ct. 1035, 13 L.Ed.2d 904 (1965) commented upon the language used as follows:

> "Congress amended the Act in 1938 to extend the Commission's jurisdiction to include 'unfair or deceptive acts or practices in commerce'—a significant amendment showing Congress' concern for consumers as well as for competitors. It is important to note the generality of these standards of illegality; the proscriptions in § 5 are flexible, 'to be defined with particularity by the myriad of cases from the field of business.'" *Cf. Federal Trade Comm. v. Motion Picture Advertising*

*Service Company,* 344 U.S. 392, 73 S.Ct. 361, 97 L.Ed. 426 (1953).

511 S.W.2d at 227 (emphasis original).

■ Appellant next argues that the Kentucky Consumer Protection Act requires proof of actual deception of some person in order to find a violation thereof. We find no such requirement in the statute.

■ The final argument advanced by appellant is that the trial court's order of restitution violates the "Contracts Clause" of the United States Constitution (Article I, Section 10). The trial court ordered that appellant "make restitution of all monies or property which were paid out as a result of the unfair, false, misleading deceptive acts or practices of [appellant]." We would only respond that any supposed contract induced by "unfair, false, misleading acts or practices" is no contract, *ab initio,* and therefore not protected by the above Constitutional provision.

The judgment of the Franklin Circuit Court is affirmed.

All concur.