Mary Virginia ANDERSON, Individually and as Administratrix and Personal Representative of the Estate of Ginger Anderson, Appellant,

v.

NATIONAL SECURITY FIRE AND CASUALTY COMPANY,
Appellee.

Mary Virginia ANDERSON, Individually and as Administratrix and Personal Representative of the Estate of Ginger Anderson, Appellant,

v.

NATIONAL SECURITY FIRE AND CASUALTY COMPANY and Estate of Eunice M. Tucker (formerly Eunice M. Gaither), Appellees.

Nos. 92–CA–1556–MR, 92–CA–1822–MR.

Court of Appeals of Kentucky.

July 30, 1993.

Rehearing Denied Oct. 15, 1993.

Discretionary Review Denied by Supreme Court March 16, 1994.

Alan W. Roles, Louisville, for appellant, Mary Anderson.

A. Courtney Guild, Jan M. West, Goldberg & Simpson, P.S.C., Louisville, for appellee, National Sec. Fire & Cas.

Charles E. Theiler II, James M. Sinclair, Sr., Louisville, for appellee, Estate of Eunice Tucker.

Before HOWERTON, JOHNSTONE and WILHOIT, JJ.

HOWERTON, Judge.

Mary Virginia Anderson, mother of and appointed fiduciary for the estate of Ginger Anderson, appeals from two orders of the Jefferson Circuit Court. Ginger was one of six children, ages 9–14, who perished in a tragic house fire. The first order dismissed Anderson's allegation of bad faith and violation of Kentucky's Consumer Protection Act against National Security Fire and Casualty Company. The second order granted summary judgment in favor of the Estate of Eunice M. Tucker (formerly Gaither). The summary judgment held that any negligence on Tucker's part was superseded by that of Tucker's daughter, Beverly Diane Gaither. We affirm the first order, as the record contains no evidence of bad faith by National Security. However, we conclude that there is a genuine issue of material fact concerning Tucker's occupancy of her insured dwelling which could allow for $25,000 personal liability coverage for Beverly's negligence. We note that Anderson demanded a jury trial in her original complaint, and we therefore reverse the summary judgment and remand this case for further proceedings consistent with this opinion.

## FACTS

The fire took place in a home owned by Eunice Tucker but occupied by her daughter, Beverly Gaither, and Beverly's two children, Donjuan and Diane. They were two of the six children who perished in the fire. Beverly and her children had lived in the home for approximately one year prior to the fire, and until four months before the fire, Tucker also resided in the home. Mrs. Tucker had been admitted to a hospital with end-stage congestive heart failure, and from there, she entered a nursing home where she remained until her death approximately six weeks after the fire.

Electricity to the house had been turned off for nonpayment, and the source of the fire was traced to a candle. Bars on the windows and dead bolt locks on the doors, requiring a key to unlock them from the inside, prevented the children's escape. Beverly had locked and left the house on the evening of the fire.

National Security paid for Tucker's property losses, but it rejected any liability claims on the basis that Tucker no longer occupied the house. Anderson and others filed wrongful death actions against Tucker's estate and Beverly Gaither on behalf of the estates of the six children, including Beverly's two children. By amended complaint, National Security was added as a defendant. Tucker's estate filed a cross-claim against Beverly, and National Security filed a separate declaration of rights action, which was consolidated with the wrongful death suit. Beverly was not represented in the trial court, and she never filed a responsive pleading. She was not only in default, but also the court determined as a matter of law that her negligence was the cause of the tragedy.

The two orders were entered essentially resolving all issues, and both were made final and appealable. No request had been made for the court to fix any damages against Beverly, but the posture of the case at that time was that, without insurance, any significant recovery was unlikely.

## THE APPEAL

Two separate appeals were filed from the orders. The first notice of appeal was styled:

MARY VIRGINIA ANDERSON, individually
and as Administratrix and Personal
Representative of the Estate of
Ginger Anderson, et al
PLAINTIFFS/APPELLANTS

vs.

THE ESTATE OF EUNICE M. TUCKER,
formerly Eunice M. Gaither, et al
DEFENDANTS/APPELLEES

The body of the notice read, "Come Mary Virginia Anderson, et al., Plaintiffs–Appellants, by Counsel, and file their Notice of Appeal from the Order entered on June 11, 1992, in favor of Defendants/Appellees, National Security Fire and Casualty Company, partially dismissing the Second Amended Complaint of Plaintiffs."

In the notice of appeal of the second order, the style was exactly as that in the first notice of appeal. However, in the body, the estate of Eunice Tucker was also included as an appellee. Nowhere in either notice of appeal was Beverly Gaither's name listed, except as to the certificate of service. The two appeals were then consolidated.

■ Tucker's estate filed a motion to dismiss the appeal for failure to comply with CR 73.03(1), as the use of "et al." and "etc." were improper designations of parties. Tucker argued that the omitted parties were indispensable. By this time, it was too late to modify the notice of appeal and allow any other appellants or appellees to be joined as parties. The motion to dismiss was passed to the panel hearing the case on the merits, and we have now determined that the motion be DENIED, and it is so ORDERED.

While the omission of parties from the notice of appeal prevents adjudication of the rights of those omitted, it does not prevent the appeal from being perfected and prosecuted as to those parties specifically named, so long as those omitted are not indispensable. *Schulz v. Chadwell,* Ky.App., 548 S.W.2d 181 (1977). Mary Anderson, individ-

ually and as appointed fiduciary for the estate of Ginger Anderson, is the only appellant, and Tucker's estate and National Security are the only appellees. The other representatives are not indispensable appellants, and Beverly Gaither is not an indispensable appellee.

■ The trial court specifically found that Beverly's actions superseded any negligence by Tucker. Although Tucker had placed the bars and locks on her property, it was Beverly who used the candles for light and locked the children in the house. "[W]hether an undisputed act or circumstance was or was not a superseding cause is a legal issue for the court to resolve." *House v. Kellerman,* Ky., 519 S.W.2d 380, 382 (1974). The facts are not disputed, and the trial court correctly determined this issue. The fact of Beverly's superseding negligence is now fixed.

## REMAINING ISSUES

■ Next, we proceed to dispose of the merits of this appeal. The homeowner's policy was taken out in the names of Oliver Gaither, Jr.[1] and Eunice M. Gaither. Pertinent portions of the policy are as follows:

"[Y]ou" and "your" refer to the "named insured" shown in the Declarations.... In addition, certain words and phrases are defined as follows:

. . . .

3. "insured" means you and the following regular residents of your household:

a. your relatives[,]

. . . .

4. "insured location" means:

a. the residence premises[,]

. . . .

8. "residence premises" means the one or two family dwelling ... where you reside and which is shown as the "residence premises" in the Declarations.

The policy coverage was divided into two sections: Section I deals with the property of the insured and provides coverage for: (A)

---

1. Oliver Gaither was Tucker's husband, from whom she was separated, and he was never a party to these proceedings.

the dwelling, (B) other detached structures, and (C) personal property; Section II deals with liability coverage in the event an insured might be obligated to pay damages to someone for bodily injury or property damage. The policy also imposed conditions on both Sections I and II coverage, one of which reads:

> 3. Non–Owner Occupancy. We will provide coverage under Section I and Section II only if the dwelling on the residence premises is occupied by the *insured owner.* Should the *insured owner* cease to occupy the dwelling, coverage will apply to Section I, Coverage A, B and C only. However, the company's limit of liability under Coverage C will be limited to the personal property owned by the *insured owner* at the time of loss. (Emphasis added.)

The trial court concluded that the policy included coverage of the house, outbuildings, and personal property (first-party coverage), but the above condition excluded liability coverage for third-party claims made against either Tucker or Gaither, when Tucker no longer "occupied" the house.

Anderson contends that Tucker was an occupant and that liability coverage should be provided to Beverly as a non-owner occupant. Anderson argues that Tucker's absence was merely temporary and that the policy is ambiguous as to the meaning of the term "occupant." While we certainly understand the rationale of the trial court in determining that Tucker was no longer an occupant, the policy itself fails to define the term in such a way that Tucker is clearly excluded. All disputed material facts must be resolved in favor of the party opposing a summary judgment. Anderson maintains that Tucker should be considered an occupant because her room had remained as she left it, she continued to receive mail at her home, and she maintained a telephone in her name, all of which indicated her intention to return home. Furthermore she contends that plans were being made to return Tucker to the home for weekend visits, and her treating physician deposed that she could be cared for at home, if her family provided the needed care, although it was a foregone conclusion that Tucker would be going home to die.

■ Although the meanings of words such as "vacant" or "unoccupied" are questions of law, the question of whether premises are indeed vacant or unoccupied is one of fact for the jury. *Continental Ins. Co. of N.Y. v. Dunning,* 249 Ky. 234, 60 S.W.2d 577 (1933). *See also* Allan E. Korpela, Annotation, *What Constitutes "Vacant or Unoccupied" Dwelling Within Exclusionary Provision of Fire Insurance Policy,* 47 A.L.R.3d 398 (1973). If there is evidence from which different inferences may be drawn, the question of whether there has been a breach of conditions is for the jury. Also, in the case of ambiguities, "[i]f the contract has two constructions, the one most favorable to the insured must be adopted." *Wolford v. Wolford,* Ky., 662 S.W.2d 835, 838 (1984) (citing *Louisville Gas & Electric v. Am. Ins. Co.,* 412 F.2d 908 (6th Cir.1969)).

We reverse the summary judgment and remand for trial. If on remand the jury determines that Tucker was an occupant at the time of the fire, then under the terms of the policy, Beverly was insured as a matter of law. Liability coverage of $25,000 would be available to compensate Anderson for proven damages up to that amount.

As we have determined that Beverly's negligence was properly found to be a superseding cause of the fire, we need not address the issues of whether the use of candles posed an increased risk and whether there is any claim against Tucker's estate independent of insurance coverage.

■ Regarding Anderson's claim under the Consumer Protection Act, KRS 367.170 and KRS 367.220, and the Unfair Claims Settlement Practices Act, KRS 304.12–230, we decide that these are not applicable. Not only was the question of insurance coverage doubtful and may yet be determined not to exist, there is nothing in the record to exhibit bad faith by National Security in refusing to settle the claim. National Security's actions in no way amounted to an unfair claims settlement practice, and Anderson's claim under the Consumer Protection Act, was properly dismissed. Although *Stevens v. Motorists Mut. Ins. Co.,* Ky., 759 S.W.2d 819 (1988), provides that the purchase of an insurance policy is covered under the Consumer Protection Act, we have found no cases extending coverage of the Act to third-party claims. The insured who purchased the poli-

cy is the one who may properly have a claim for unfair practices against the insurer. *Stevens, supra.* The insured is the consumer and the one within the class of persons protected by the Act. *See* Brian H. Redmond, Annotation, *Coverage of Insurance Transactions Under State Consumer Protection Statutes,* 77 A.L.R.4th 991 (1990). *Skilcraft Sheetmetal v. Kentucky Machinery,* Ky.App., 836 S.W.2d 907 (1992), is a somewhat analogous case in that a subsequent purchaser of a used wheel loader could not maintain an action under the Consumer Protection Act against a seller with whom he had not dealt and who had made no warranties to subsequent purchasers. "The legislature intended that privity of contract exist between the parties in a suit alleging a violation of the Consumer Protection Act." *Id.* at 909.

In summary, we affirm the order dismissing Anderson's consumer protection claim and the trial court's conclusion that Beverly's negligence was a superseding cause of the fire. We reverse the summary judgment in favor of National Security and remand for trial on the issue of Tucker's occupancy at the time of the fire. Beverly's status as an insured depends on Tucker's "occupying" the premises at the time of the fire.

All concur.