Mildred ADLER, Plaintiff,

v.

**Louis Jerome ADLER and Dorothy Adler, Defendants.**

**No. 93 Civ 6477 (VLB).**

United States District Court, S.D. New York.

Sept. 6, 1994.

Phillip J. Murphy, DePodwin & Goldstein, Spring Valley, NY, for plaintiff.

Louis Jerome Adler, Hoboken, NJ, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This family dispute presents several questions concerning procedure and criteria for removal of state court suits to federal district courts under 28 U.S.C. § 1446. For the reasons set forth in the Report and Recommendation of United States Magistrate Judge Mark D. Fox dated May 5, 1994, which is approved and adopted, and the additional reasons set forth below, the case is remanded to the Supreme Court of the State of New York, Rockland County.

### II

The suit was originally filed in 1985 in the Supreme Court, Rockland County. What, if anything, was done to pursue it in the immediately ensuing years is not clear. On July 23, 1993 an order to show cause was filed in state court seeking substitution of Daniel Adler as executor for the estate of Mildred Adler. The application was granted on November 1, 1993.

Meanwhile, an allegedly un-served notice of removal had been filed by defendant Louis Adler on September 9, 1993. The removal was based on diversity of citizenship under 28 U.S.C. § 1332. The removal is also sought to be supported on the ground that an order to show cause in a state court suit seeking to substitute an executor as plaintiff, presents a federal question under 28 U.S.C. § 1331.

A major part of the underlying controversy relates to who is the proper executor for a decedent's estate and whether undue influence was brought to bear to cause the decedent to make certain property dispositions.

### III

█ Plaintiff's motion to remand was referred to United States Magistrate Judge Mark D. Fox, who by Report and Recommendation dated May 5, 1994 recommended that the motion be granted on the ground that the removal notice was untimely under 28 U.S.C. § 1446, which requires that a notice of removal be filed within thirty (30) days of receipt of the initial pleading involved. Judge Fox found that in overruling on April 27, 1988 an application to dismiss the state court litigation for lack of service, the state court had necessarily concluded that the complaint had been served in *1986*.

The removing defendant asserts that no notice of the state court hearing on service was provided and states that the hearing was "kept secret" at the time although obviously discovered later. Opposition at 6. The remedy of requesting reconsideration of the state court ruling was never invoked in state court and cannot be raised here.

The notice of removal was filed with the Pro Se office of this court on or about September 9, 1993, long after the thirty (30) day deadline under 28 U.S.C. § 1446.

Pre-removal state court decisions, as much as federal decisions after removal, should be followed unless a valid reason for departure from them is established. *Istituto v. Sperti Products*, 47 F.R.D. 310 (S.D.N.Y.1969). Untimeliness of the removal by a margin of several years is hardly remediable based upon claims of excusable neglect. See *Gallagher v. Donald*, 803 F.Supp. 899, *further decision* 805 F.Supp. 221 (S.D.N.Y.1992); *Wojik v. Postmaster General*, 814 F.Supp. 8 (S.D.N.Y.1993).

### IV

█ The removing defendant argues that plaintiff's order to show cause within a pre-existing litigation for the purpose of substituting an executor for a deceased plaintiff amounts to a new lawsuit for purposes of authorizing removal, and that the issue of

whether a new suit exists for removal purposes constitutes a federal question.

An order to show cause or other paper creating a valid basis for federal judicial jurisdiction which did not previously exist would support removal under the second paragraph of 28 U.S.C. § 1446(b). But no new ground for jurisdiction was established by the order to show cause.

■ Since 1988 the citizenship of a decedent, not the executor, is the only citizenship pertinent for diversity purposes by virtue of Public Law 100–702, 102 Stat. 4646 (1988), adding 28 U.S.C. § 1332(c)(2). See *Liu v. Westchester County Medical Center*, 837 F.Supp. 82 (1993). Substitution of the named plaintiff's executor as plaintiff thus has no impact on the presence or absence of federal jurisdiction.

■ Even assuming that diversity of citizenship was established, such a ground for removal would not have been created for the first time by the order to show cause. An issue concerning the propriety of removal cannot be treated as a federal question of the kind which itself authorizes removal. Were such bootstrap removal recognized, mid-litigation removals would cause havoc in both federal and state tribunals and encourage obfuscation. Such an interpretation of 28 U.S.C. § 1331 has no support and would be contrary to the objectives set forth in Fed. R.Civ.P. 1 (the "just, speedy and inexpensive" determination of every action).

### V

■ Judge Fox found that the removing defendant has provided no proof of service of the notice of removal on plaintiff's counsel, who denies receiving such service. Because under 28 U.S.C. § 1446 a notice of removal is effective without judicial order unless a remand is ordered, it is critical that removing parties honor procedural safeguards set forth in that statute such as notice to opposing counsel. See *Ullah v. FDIC*, 852 F.Supp. 218 (S.D.N.Y.1994).

Under 28 U.S.C. § 1446(a), as pointed out by Judge Fox in his Report and Recommendation at 4, note 2, without service, a removal is not properly effected. See *La Maina v. Brannon*, 804 F.Supp. 607, 612–13 (D.N.J. 1992); *Donlan v. F.H. McGraw & Co.*, 81 F.Supp. 599 (S.D.N.Y.1948).

The removing defendant asserts that service of the notice of removal was made but that a pro se clerk "seemed to ask why" the papers were mailed, thus discouraging filing of proof of service at the time. A proof of service is attached to the Objections as Exhibit H, but the dating of it as of September 9, 1993 is typed with a different emphasis producing a lighter impression than the rest of the document. Under these circumstances, Judge Fox's finding of lack of service is buttressed rather than impeached and is accepted. See generally *Synanon Church v. United States*, 820 F.2d 421, 428 (D.C.Cir. 1987); *Welsh v. United States*, 844 F.2d 1239, 1244–45 (6th Cir.1988); *Stephens v. South Atlantic Canners*, 848 F.2d 484, 487 (4th Cir.1988).

### VI

■ As indicated in the Report and Recommendation at 3, note 1, the notice of removal refers to diversity of citizenship as a basis for jurisdiction but fails to set forth the citizenship of the parties, instead mentioning "domicile" and a return address at a post office box in Hoboken, New Jersey. This is inadequate under the diversity statute and vitiates the notice of removal. See *America's Best Inns v. Best Inns*, 980 F.2d 1072, 1074 (7th Cir.1992); *Smith v. Dealers Transit*, 239 F.Supp. 605 (D.Tenn.1965).

There is evidence that defendants lived in the Bronx as of 1985 (Report and Recommendation at 1); even in his papers in support of removal, the removing defendant provides only a P.O. Box address in New Jersey. Dkt No 9, filed Jan 27, 1994.

■ The removing defendant recognizes but seeks to explain his reticence as to his residence by asserting without specific details or support that plaintiff "has threatened us numerous times at gun point," Objections p. 3. The notice of removal contains no assertion of a New Jersey residential address even with its full location omitted. Nor does the removing defendant report any action taken as a result of the alleged threats; if

such threats have in fact occurred, other action not within the jurisdiction of this court would obviously be called for. The total effect of these circumstances is to confirm rather than refute the inadequacy of the showing of diversity, which should in any event be made at the time of removal rather than buttressed later. See *Interstate Circuit v. United States,* 306 U.S. 208, 225–26, 59 S.Ct. 467, 473–74, 83 L.Ed. 610 (1939) (failure to provide adequate explanation for facts otherwise giving rise to adverse inference).

## VII

Under 28 U.S.C. § 1446 all defendants must join in removal unless excused by special circumstances not claimed here. *Johnson v. Helmerich & Payne,* 892 F.2d 422 (5th Cir.1990); *Radi v. Travelers Ins. Co.'s,* 1992 WL 131048, 1992 U.S.Dist. LEXIS 8426 (S.D.N.Y.1992). The notice of removal is filed in the name of only one of the two defendants, Louis Jerome Adler.

## VIII

Judge Fox recommended that $250 in costs be awarded to plaintiff. The award is justified in light of the numerous improper aspects of the removal effected here.

## IX

The removing defendant in his opposition requests the "COURT to appoint an attorney to represent me in this matter and to review 'EVERYTHING" that has transpired under both cases in both Supreme Court and Federal Court, asserting that "Judge Fox appeared to be extremely prejudice toward me, a pro-se litigant." Opposition at 6. There is insufficient indication of merit to warrant such relief. See *Alston v. Bythedale Child Hospital,* 1994 WL 150951, 1994 U.S.Dist. LEXIS 5034 (S.D.N.Y. Apr. 12, 1994). If appointment of counsel to deal with an issue of removal was to be routinely granted, delay and expense associated with removal and/or remand stage would be substantially increased, contrary to the objectives of Fed.R.Civ.P. 1 as quoted above.[1]

---

1. This is not a case in which local prejudice appears to be involved. See *Liu, supra,* 837

## X

Litigation of this type, pursued to the bitter end, may result in losses to all participants far in excess of any benefits potentially available to the winning party. It would be in the interest of all parties to resolve this dispute by mediation rather than litigation, were the extreme bitterness revealed in the papers able to be surmounted. See *Alpert v. Kramer,* 145 F.R.D. 318 (S.D.N.Y.1993).

SO ORDERED.