Jacqueline **WINBURN** and Barry **Winburn, Administrators of the Estate of Yohance A. Winburn, Plaintiffs,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, and Mark Kernahan, Defendants.**

Civil Action No. 96–65.

United States District Court,
E.D. Kentucky,

Aug. 15, 1996.

tion only to situations where a custodial relationship exists.

Gary R. Hillerich, Peter L. Ostermiller, Haddad Law Office, Louisville, KY, Frederick D. Hatmaker, Louisville, KY, for Jacqueline Winburn and Barry Winburn.

Donald L. Miller, II, Brown, Todd & Heyburn, P.L.L.C., Louisville, KY, for Liberty Mutual Insurance Co. and Mark Kernahan.

### MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

Before the Court is the motion of the plaintiffs to remand. [Record No. 5]. The defendants have filed a response [Record No. 8] to which the plaintiffs have replied [Record No. 10]. Being fully briefed, this matter is ripe for consideration.

### FACTUAL BACKGROUND

This action arises out of an automobile accident which occurred on June 14, 1995, and resulted in the death of Yohance Winburn. At the time of the accident, Winburn was a passenger in an automobile driven by Brandon Cloyd. Cloyd had a policy of insurance with the defendant Liberty Mutual.

The day after the accident and prior to the funeral, Liberty Mutual's agent Mark Kernahan contacted Barry Winburn, father of Yohance Winburn, regarding the accident. According to the plaintiffs, Kernahan told them that the policy limits were $25,000 when in fact the limits were $1,250,000. In addition, the plaintiffs claim that Kernahan dissuaded them from seeking legal advice and representation. The defendants deny these claims.

In any event, no agreement was reached. Only after further negotiations and some alleged problems with respect to disclosures by the plaintiffs, was a settlement of the claim reached for $500,000.

Based on the actions of Kernahan, on June 13, 1996, the plaintiffs filed an action in Shelby Circuit Court against both Kernahan and Liberty Mutual advancing claims of (i) common law bad faith; (ii) violation of various provisions of the Unfair Claims Settlement Act, KRS 304.12–230, *et seq.;* and (iii) violation of the Consumer Protection Act, KRS 367.220. In counterclaim, Liberty Mutual

seeks a declaration of the respective rights of the parties.[1]

On July 3, 1996, the defendants filed a notice of removal. On July 17, the plaintiffs filed the instant motion to remand.

## DISCUSSION

Federal jurisdiction in this matter is predicated on 28 U.S.C. § 1332 commonly referred to a diversity jurisdiction. There is no dispute as to the sufficiency of the amount in controversy. The question here is whether there is in reality complete diversity of citizenship.

█ The plaintiffs, as administrators of the estate of Yohance Winburn, are imputed with the decedent's state of citizenship, namely Kentucky. *Adler v. Adler*, 862 F.Supp. 70, 72 (S.D.N.Y.1994). The defendant Liberty Mutual is a corporation organized under the laws of Massachusetts and having Massachusetts as its principal place of business. The defendant Mark Kernahan is a resident of Kentucky. Complete diversity exists, if at all, only if Kernahan has been joined only to defeat complete diversity as evidenced by the fact that none of the proffered theories of recovery against him could possibly stand.

█ Central to the resolution of this motion is a determination of whether the plaintiffs have arguably set forth a reasonable basis for their state law claims against Mark Kernahan. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir.1994) (citation omitted). Stated another way, there is no fraudulent joinder unless it can be clearly shown that Kentucky law would not permit recovery from Kernahan on the claims advanced. *Id.* The burden of demonstrating fraudulent joinder, like the burden of establishing federal jurisdiction, is on the defendants as the removing party. *Id.* (citations omitted). Any ambiguities as to state law should be resolved in favor of the plaintiffs as the nonremoving party. *Id.* (citation omitted).

At the outset, it is worth noting the limited nature of the Court's examination of the merits of the plaintiffs' claims against Kernahan. The question is not whether the plaintiffs will recover from Kernahan. Rather, it is whether the plaintiffs could recover from Kernahan under Kentucky law.[2] Each theory of recovery will be addressed in turn.

### 1. Consumer Protection Act

█ The plaintiffs do not seem to dispute the infirmity of the claim brought pursuant to the Consumer Protection Act (CPA), KRS 367.220. Simply put, Kentucky courts have intimated that the purchaser of the policy and not a third party is the one who may resort to the protections of the CPA. *Anderson v. National Sec. Fire and Cas. Co.*, 870 S.W.2d 432, 436 (Ky.Ct.App.1993) (citing *Stevens v. Motorists Mut. Ins. Co.*, 759 S.W.2d 819 (Ky.1988)). Privity of contract is apparently contemplated; only the insured is a consumer within the protected class. *Id.*

As the plaintiffs here are not the purchaser, the CPA does not arguably provide a cause of action for unfair practices against Kernahan. Accordingly, for the purposes of the motion to remand only, the Court concludes that the CPA claim against Kernahan does not provide a reasonable basis for predicting that the plaintiffs could prevail. *Alexander*, 13 F.3d at 949.

### 2. Bad Faith

█ The common law bad faith claim against Kernahan implicates the principles of agency as applied in the context of tort. Under Kentucky law, an agent is personally liable for his tortuous conduct even though performed within the scope of employment and under conditions which impose liability

---

1. Liberty Mutual also seeks an Order compelling the plaintiffs to disclose any and all documents from Liberty Mutual including a writing which allegedly evidences the claimed unfair practices. The existence of this document bears no relationship whatsoever to a determination of this motion to remand.

2. In addition, the defendants reliance upon the June 11, 1996 Order of this Court in *Thompson v. The Budd Company*, Frankfort Civil Action No. 96–36 is not controlling here. *Thompson* involves a claim of negligence whereas the claims here sound in common law bad faith and statutory violations.

on the principal. *Carr v. Barnett,* 580 S.W.2d 237, 240 (Ky.Ct.App.1979). A party may proceed against only the agent without being required to proceed against the principal. *Id.*

■ As pointed out by the plaintiffs, a recent example of a case in which the plaintiffs sued both an insurance company and its agent based on the fraudulent misappropriation of premiums is *Pacific Mut. Life Ins. Co. v. Haslip,* 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991). The Supreme Court found no constitutional infirmity in holding the insurance company liable for the actions of its agent under a theory of *respondeat superior.*

Given that the plaintiffs must only state a colorable claim against Kernahan under Kentucky law, and in light of the case law cited above, the Court concludes that the defendants have not established fraudulent joinder with respect to this common law bad faith claim.

### 3. Unfair Claims Settlement Act

■ The Unfair Claims Settlement Act provides in relevant part:

It is unfair claims settlement practice for any person to commit or perform any of the following acts or omissions:

(1) Misrepresenting pertinent facts of insurance policy provisions relating to coverages at issue.

KRS 304.12–230. Clearly, the plaintiffs have alleged misrepresentation of a pertinent fact regarding the terms of the insurance policy. The issue is whether Kernahan can be considered a "person" within the purview of the Act.

Before examining whether Kernahan is a "person" within the Act, it is first necessary to resolve Liberty Mutual's argument regarding an additional requirement. Liberty Mutual submits that the statutory scheme contemplates a requirement that the "person" be engaged in the business of insurance. KRS 304.12–010.

Having examined the statute upon which Liberty Mutual relies, the Court is persuaded that no such additional requirement applies. The modifier "in the business of insurance" modifies "unfair or deceptive acts or practices," the terms immediately preceding it. To attribute "in the business of insurance" which is the last phrase of the sentence to "No person" which are the first words of the sentence would be to misplace the modifier. Had the General Assembly intended to place this additional requirement on the definition of "person" it presumably would have done so in the definitional sections.

Returning to the scope of "person," the starting point is the definition of "person" which "includes an individual, insurer, company, association, organization, Lloyd's insurer, society, reciprocal insurer or inter-insurance exchange, partnership, syndicate, business trust or corporation, and every other related legal entity." KRS 304.1–020. It seems apparent that Kernahan is an individual who would thus fall within the definition of person. Thus by the terms of the statute Kernahan is prohibited from engaging in the specified unfair claims practices.

By virtue of the fact that the parties have cited no Kentucky case on point, the question of the appropriateness of application of the Unfair claims Settlement Practices Act to Kernahan as an employee of Liberty Mutual is not beyond question. Even so, the standard applicable to this motion to remand is whether the plaintiff has set forth a reasonably arguable basis for its claim, not whether the plaintiff has definitively set forth a claim.

In view of the plain language of the Act, the absence of clear state authority on the question and the admonition that ambiguities in the controlling state law should be resolved in favor of the nonremoving party, *Alexander,* 13 F.3d at 949 (citation omitted), the Court concludes that the plaintiffs have stated an arguable claim under the Act against Kernahan.

### CONCLUSION

In assessing the merits of the motion to remand in light of the argument of fraudulent joinder, the standard does not involve making a question of law determination such as that applied in summary judgment practice. Instead, the Court must ask whether the claims against that defendant who has

allegedly been fraudulently joined have a colorable basis in fact and law.

As the Court is persuaded that the common law bad faith claim and the Unfair Claims Settlement Practices Act claim against Kernahan have a colorable basis in fact and law, the claim of fraudulent joinder fails and this matter must be remanded because of incomplete diversity.

Accordingly,

**IT IS ORDERED:**

(1) That the motion of the plaintiffs to remand [Record No. 5] be, and the same hereby is, **GRANTED;**

(2) That the motion of the plaintiffs to hold in abeyance [Record No. 6] be, and the same hereby is, **DENIED AS MOOT;**

(3) That this matter be, and the same hereby is, **REMANDED** to Shelby Circuit Court.