Bertelson v. Union Mutual Fire Insurance Co., No. 834-04 Cncv (Norton, J., Nov. 22, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:

JOEL R. BERTELSON and DANIEL MENDL

v.

UNION MUTUAL FIRE INSURANCE CO. and
NEW ENGLAND GUARANTY INSURANCE COMPANY

ENTRY

The plaintiffs, Joel Bertelson and Daniel Mendl, seek damages from their insurer, Union Mutual Fire Insurance Company, for losses related to fire damage to their home, which was covered under an insurance policy with Union Mutual. The plaintiffs move to amend their complaint to add a consumer fraud claim under 9 V.S.A. §§ 2451–2463. Union Mutual argues that the Vermont Consumer Fraud Act does not apply to insurance. For the following reasons, the court grants the plaintiffs' motion.

Whether the Consumer Fraud Act applies to insurance is an unsettled question in Vermont. Although the Supreme Court held in 1981 that the Act did not apply to insurance, see Wilder v. Aetna Life & Cas. Ins. Co., 140 Vt. 16, 18–19 (1981), subsequent amendments to the Act in 1985 have created disagreement among lower courts as to whether Wilder is still good law. Compare Greene v. Stevens Gas Serv., 2004 VT 67, ¶ 10 (acknowledging lower court holding that Act does not apply to insurance but declining to reach issue) with Fish v. Allstate Ins. Co., No. S0056-03 CnCv (June 11, 2003) (order denying motion to dismiss) (Katz, J.) (holding that Wilder no longer dispositive and that Act applies to insurance).

Prior to 1985, the statute defined applicable goods and services in consumer fraud actions

separately. The statute defined goods as "tangible personal chattel" and services as "work, labor and services . . . in connection with the delivery, installation, servicing, repair or improvement of goods." 1973, No. 221 (Adj. Sess.), § 3. As amended, the statute now defines goods and services

together as "any objects, wares, goods, commodities, work, labor, intangibles, courses of instruction or training, securities, bonds, debentures, stocks, real estate, or other property or services of any kind." 9 V.S.A. § 2451a. Obviously, this new definition has expanded the Act's scope. Hence, Supreme Court interpretation of the prior definitions is no longer dispositive.

The Supreme Court has repeatedly held that the Act's broad remedial purpose requires courts to construe its terms liberally in order to protect consumers. See Elkins v. Microsoft Corp., 174 Vt. 328, 331 (2002). With a liberal construction, the terms of the current statute reach insurance transactions. For instance, the term "intangible" suggests that goods or services include incorporeal assets like insurance policies. See Black's Law Dictionary 823 (8th ed. 2004) (defining intangible as "[s]omething that lacks a physical form; an abstraction, such as responsibility; esp., an asset that is not corporeal, such as intellectual property"). Furthermore, the statute's catchall phrase "other property or services of any kind" also indicates that insurance policies are covered by the statute either as a form of property, see Dodd v. Commercial Union Ins. Co., 365 N.E.2d 802, 807 (Mass. 1977) ("Insurance policies are contracts in which the insurer promises to pay money to the insured or to third parties on the happening of a specified event. This contractual right to payment is a recognized property right."), or as a form of a service, see Stevens v. Motorists Mut. Ins. Co., 759 S.W.2d 819, 821 (Ky. 1988) ("An insurance policy is nothing more and nothing less than a contract providing for delivery of financial services as specified in the policy when loss occurs as described in the policy. As such it is in the same class as other financial services."). Either way, the statue covers insurance.

Moreover, in construing a statute, courts consider the whole of the statute and every part of it. Sagar v. Warren Selectboard, 170 Vt. 167, 171 (1999). Another definition within § 2451a expressly exempts insurance from transactions involving "home solicitation sales" of goods or services. See 9 V.S.A. § 2451a(d)(5). If the legislature did not intend § 2451a(b) to include insurance, it would not have made the effort to exempt insurance from home solicitation sales of goods or services.

Furthermore, numerous other state courts, in addition to the two cited above, have applied similarly worded consumer fraud statutes to insurance transactions. See, e.g., Showpiece Homes Corp. v. Assurance Co. of Am., 38 P.3d 47, 54–55 (Colo. 2001) (en banc) (holding that Colorado consumer protection statute applies to insurance and reviewing numerous other state decisions); Lemelledo v. Beneficial Management Corp. of Am., 696 A.2d 546, 551 (N.J. 1997) (holding that New Jersey consumer fraud statute applies to insurance in conjunction with loans). This court

sees no reason to deviate from what appears to be the majority rule.

Courts allow amendments to pleadings at this stage "freely . . . when justice so requires." V.R.C.P. 15(a); see also Bevins v. King, 143 Vt. 252, 254–55 (1983) (holding that denial of motion to amend is abuse of discretion where "there is no prejudice to the objecting party, and when the proposed amendment is not obviously frivolous nor made as a dilatory maneuver in bad faith"). Given that the Act applies to insurance, the plaintiffs' request to amend is not frivolous and does not unfairly prejudice Union Mutual in this action. Hence, the court grants their motion.

ORDER

For the foregoing reasons, the plaintiffs' motion to amend their complaint is GRANTED.

Dated at Burlington, Vermont, November 22, 2004.

_____/s/_____
Richard W. Norton    Judge