## Richardson v. Hoback.

## Blanton v. Hoback.

November 29, 1949.

Robert E. Hogan and Ray H. Kirchdorfer for appellants.

Jones, Keith & Jones for appellee.

JUDGE HELM—Affirming in part, reversing in part.

Four cases, Idalee Richardson v. Frank J. Hoback, Mitzi Frances Blanton v. Frank J. Hoback, Frank J. Hoback v. Idalee Richardson, and Christine Hoback v. Idalee Richardson, arose out of the same accident and were tried together. At the trial, the verdict of the jury was to "dismiss the claims of all parties." It was adjudged by the court that "Idalee Richardson, Mitzi Frances Blanton, Frank J. Hoback, and Christine Hoback, recover nothing by their petitions against the defendants, Frank J. Hoback, and Idalee Richardson," but that each party pay its individual costs. Idalee Richardson and Mitzi Frances Blanton appealed.

For Mrs. Richardson and Mrs. Blanton the testimony is: On a late afternoon of February 12, 1947, Mrs. Richardson was driving her Chrysler Sedan south on Fifth Street in Louisville. She approached Zane Street very slowly—18 or 20 miles an hour; when she was a "little way from Zane Street"—about 50 feet—she saw a car stop on Zane Street; he came to a dead stop there; when she "got right close * * * about 20 feet from him, he jumped out, the car jumped out right in my path;" she was driving on the west, or her right side of Fifth Street; the lights on her car were burning as she proceeded out Fifth; after the collision, before she lost consciousness, she turned her lights off and also the ignition key; she was in bed and then on crutches for about six months. At the time of the trial Mrs. Blanton was with her husband, an Army Officer in Germany. Her deposition was taken; her testimony was substantially the same as Mrs. Richardson's. She was thrown

against the windshield and back against the seat; she suffered broken teeth, cuts and bruises, injury to her right wrist and arm, and to her back.

Robert D. O'Brien, Civil Engineer, filed a map of the Fifth and Zane Street intersection. Fifth Street— 36 feet wide—runs north and south; Zane Street—30 feet wide—comes into Fifth from the west, making a "T" intersection at Fifth. Officers Allgood and Humphrey were called by radio at 5:52 p. m. They went to Fifth and Zane Street, the scene of the accident; found two automobiles in the intersection; a 1937 Packard belonging to Frank J. Hoback, and a 1946 Chrysler belonging to Idalee Richardson; the Chrysler was headed south; the Packard was headed to the northeast; there were skid marks of the Chrysler approximately 18 feet; the Packard had "sideway" slide marks about 2 feet; it was dark; the street was dry; the weather clear. Neither car had lights burning when the officers arrived. The damage to the Chrysler was to the entire front— grill, hood, radiator and windshield; the damage to the Packard was to the left front fender, body, wheel, hood and door.

The testimony for Hoback is: He was driving east on Zane; came to a full stop at Fifth; his lights were on; it was dark; he started to go out from Zane Street to turn left in Fifth; as he did, Mrs. Richardson came south on Fifth at a good rate of speed; she had no lights; he heard her "brakes squeal" a car's length before her car hit his; he was a little less than halfway out in Fifth; there was no automobile approaching from the north or south that he could see; he drove into Fifth some 5 to 7 miles an hour; his car was pushed sideways 4 or 5 feet by the impact; he could have seen her coming if her lights had been burning; the first he knew she was coming, he heard the brakes squeal and then the cars hit; he didn't see Mrs. Richardson's car before he started to make the left turn; there is a grocery store at the northwest intersection; he had no vision beyond the car parked at the grocery store; he didn't stop after he started into Fifth until he was hit; he lives one-half block from the place of the accident; he always stopped as he approached Fifth Street because "there is not a whole lot of vision either way."

Mrs. Hoback was shaken up; her knee was injured

and she had some fractured ribs. Dr. Belton treated her. She says she saw the Richardson car "about a car's length of the corner where we made the northeasterly turn. * * * She came up out of nowhere, you might say. If she had had her lights on I would have seen her."

The court gave instructions which we believe were substantially correct as to Mrs. Richardson and Mr. Hoback. But the court gave instructions Nos. 6 and 7(E) as follows:

"6. If you believe from the evidence that Hoback was negligent and also believe from the evidence that Mrs. Richardson was negligent and that the negligence of the one concurred with the negligence of the other to produce the collision when it would not have occurred, but for the negligence of both, then no one can recover against the other."

"7(E). If you reach your verdict under the 6th instruction and find that both Hoback and Mrs. Richardson were negligent and that their joint negligence caused the accident and injuries, then your verdict will be to dismiss the claims of all parties, that is, of Mrs. Richardson and Mrs. Blanton against Hoback and of Hoback and Mrs. Hoback against Mrs. Richardson."

Mrs. Blanton was a guest in the Richardson car. Mrs. Blanton was not shown to be guilty of any negligence. The negligence of the driver, Mrs. Richardson, was not imputable to her guest. Clearly, instructions Nos. 6 and 7(E) were erroneous so far as they were applicable to her, and, because of that error, her case must be reversed for a new trial with proper instructions as to her. All other questions are reserved. Frank J. Hoback did not prosecute any cross appeal. Mrs. Hoback, who is not a party appellee to this appeal, has filed motion for a cross appeal. Her motion was erroneously sustained by an order of this court, which order is now set aside and held for naught, without prejudice, however, to her right to prosecute a separate appeal. See, Civil Code of Practice, Section 755, and cases annotated thereunder.

The case of Idalee Richardson v. Frank J. Hoback is affirmed; the case of Mitzi Frances Blanton v. Hoback is reversed.