COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Vernon SCOTT et al., Appellees.

Court of Appeals of Kentucky.

Dec. 13, 1968.

John B. Breckinridge, Atty. Gen., Don Duff, Acting Gen. Counsel, Dept. of Highways, Frankfort; George F. Williamson, Clark, Manby & Williamson, LaGrange; Phillip K. Wicker, Dept. of Highways, Frankfort, for appellant.

Louis T. Peniston, John M. Berry, Jr., Berry & Floyd, New Castle, for appellees.

EDWARD P. HILL, Judge.

Appellant condemned 8.19 acres in fee plus 8,750 square feet for a temporary easement from appellees' 112-acre farm for use in the construction of a portion of Interstate Highway 71, connecting Louisville and Covington, Kentucky.

The verdict was for $16,000 after an award of $13,750.80 by the county court commissioners.

Substantial improvements, including a tobacco barn, a livestock barn, a stripping room and shop, a corn crib, three sheds, and a pond, were located on the land condemned and are being taken.

The taking severed the farm, leaving 103.8 acres on the east and 2.69 acres to the west of the right-of-way taken.

Two witnesses for the appellant fixed the before value of the farm at $30,250 and $29,000 and the after value at $23,000 and $21,500, for differences of $7250 and $7500.

Appellees' two witnesses found the before value to be $40,208 and $44,800 and the after value $23,743 and $26,900, for differences of $16,465 and $17,900.

Obviously the before value was the real bone of contention.

Appellant argues the trial court erred in two respects: (1) "in refusing to admit evidence offered by appellant concerning the amount by which major improvements had contributed to the overall market value of the farm before the taking"; and (2) the judgment "is erroneous in permitting recovery in excess of the commissioners' award by parties who had not properly appealed to circuit court." We conclude there is merit in both arguments and reverse the case for a new trial.

Appellant undertook to prove the value of improvements taken as bearing upon the amount by which the improvements taken contributed to the value of the farm prior to the taking. The trial court declined to admit this evidence.

In Commonwealth, Department of Highways v. Stamper, Ky., 345 S.W.2d 640 (1961), this court pointed out that the value of improvements may be considered to the extent they enhance the value of the land

to which they are affixed. The following is quoted from *Stamper*, supra, at page 643:

"In attempting to arrive at a fair estimate of the market value of the land with the improvements upon it there may be circumstances in which evidence as to the *cost* (less depreciation) of improvements may be received."

The rule in *Stamper* was followed in Commonwealth, Department of Highways v. Cardinal Hill Nursery, Ky., 380 S.W.2d 249, 253 (1964), wherein it was said:

"It is the opinion of the court that appraisal witnesses on direct examination may, after proper qualification as to competence, testify to the before and after market value of the property involved. Such witnesses, on direct examination, may relate any pertinent factors considered by them in arriving at the value to which they have testified; in so doing they may state their estimate of the amount by which a major structure enhances the 'before' value of the land to which it is affixed, and in support of that estimate may testify as to the cost, original or reproduction, less depreciation, of the structure, upon the conditions and under the limitations set forth in Commonwealth, Dept. of Highways v. Stamper, Ky., 345 S.W.2d 640. However, upon direct examination it is not proper for appraisal witnesses to ascribe an itemized price tag to 'damage' factors."

It is concluded that the offered evidence was competent; and on another trial, if there is one, it should be admitted. See also Commonwealth, Department of Highways v. Cammack, Ky., 408 S.W.2d 615 (1966).

Appellant next contends Frank L. Scott did not properly appeal from the county court judgment and that, consequently, the judgment in circuit court for him cannot be in excess of his one-half of the county court judgment (he owning a one-half interest in the farm).

The statement of appeal named Vernon Scott "et al.," but it did not specifically name Frank L. Scott. True, the statement of appeal made a copy of the county court judgment a part of the statement of appeal, but this did not meet the requirement of KRS 177.087.

It is settled by numerous opinions of this court that if a landowner in a condemnation action fails to properly appeal to the circuit court, he is limited in maximum recovery to the amount of the county court judgment. Bullitt v. Commonwealth, Ky., 298 S.W.2d 290 (1957); Bennett v. Commonwealth, Ky., 322 S.W.2d 706 (1959).

The rule applies equally to a defective appeal by the condemnor. See Commonwealth, Dept. of Highways v. C. S. Brent Seed Company, Ky., 376 S.W.2d 310 (1966).

The case most clearly in point factually is Commonwealth, Department of Highways v. Kelley, Ky., 376 S.W.2d 539 (1964), in which this court said at page 540:

" * * * [I]n cases where the statement of appeal provides in its body that the parties to the appeal are as named in the caption, and the caption names but one party and attempts to include other parties with the expression 'et al'—this Court has held that the only parties to the appeal are those specifically named."

The rule may appear technical and harsh, but it applies to both parties and is of long standing. The statutory requirement, that the names of all parties must be set out in the statement of appeal, is not an unreasonable or burdensome one.

Any judgment as to Frank L. Scott on another trial may not exceed one-half of the county court judgment.

The judgment is reversed for a new trial consistent with this opinion.

All concur.