James R. YOCOM, Commissioner, Department of Labor of Kentucky, for himself and on behalf of Rick Burke, et al., Appellant,

v.

FRANKLIN COUNTY FISCAL COURT, Jack Goins, County Judge, et al., Appellees.

G. REYNOLDS WATKINS, CONSULTING ENGINEERS, INC., Appellant,

v.

SOUTHEAST JEFFERSON–SOUTHWEST SHELBY WATER DISTRICT et al., Appellees.

Court of Appeals of Kentucky.

Dec. 3, 1976.

Paul F. Guthrie, Gess, Mattingly, Saunier & Atchison, Lexington, for appellant G. Reynolds Watkins, Consulting Engineers, Inc.

Donald F. Schmidt, Henry B. Huff, John G. Hicks, Herman Frick, Louisville, for appellants Southeast Jefferson-Southwest Shelby Water District and others.

E. H. Tingle, Asst. Gen. Counsel, Dept. of Labor, Louisville, for appellants James R. Yocom, Commissioner Department of Labor, etc.

William A. Young, Frankfort, for appellee Franklin County Fiscal Court and others.

OPINION AND ORDER

Before the Court sitting En Banc:

PARK, Judge.

These two appeals involve a construction of CR 73.03, as amended by the Supreme Court, effective July 1, 1976. In each case, a motion to dismiss the appeal has been filed on the ground that the notice of appeal failed to specify all of the appellees as required by CR 73.03.

In No. CA–300–MR, *James R. Yocom Commissioner, etc. v. Franklin County Fiscal Court et al.*, the body of the notice of appeal contained only the following statement:

"Notice is hereby given that James R. Yocom, Commissioner of Labor, on behalf of Rick Burke, James Stewart and John Webb, appeals to the Court of Appeals from the judgment entered in this action on July 26, 1976."

The caption of the notice of appeal listed the defendants simply as "Franklin County Fiscal Court, et al."

In No. CA–270–MR, *G. Reynolds Watkins Consulting Engineers, Inc. v. Southeast Jefferson-Southwest Shelby Water District, et al.*, the notice of appeal stated only the name of the appellant and the judgment appealed from. The notice of appeal did not undertake to specify the appellees. The caption on the notice of appeal designated the defendants as "Southeast Jefferson-Southwest Shelby Water District, et al."

Prior to its amendment on July 1, 1976, CR 73.03 provided in part as follows:

"The notice of appeal shall specify the parties taking the appeal, and shall designate the judgment or part thereof appealed from."

In construing this rule in his treatise on civil procedure, Clay states:

"It is imperative that the *names of the appellants* be stated in the notice of appeal. The term 'et al.' names nobody and consequently would not constitute the taking of an appeal by anyone sought to be included in that designation.

The rule does not require that the names of the *appellees* be specified. However, a proper notice of appeal should name at least one appellee and good practice would dictate naming them all to avoid a possible fatal oversight when the appeal is perfected. *The names of the appellees must be shown* on the statement of appeal filed with the record in the Court of Appeals." (emphasis in original)

Clay, Ky.Prac., 3rd Ed., Civil Rule 73.03, Comment 4, at Page 421 (1974).

As amended, the Rules of Appellate Practice still require that the name of each appellee be specified in the statement of appeal filed with the record in the appellate court. See, RAP 1.090(a) and RAP 1.095(a)(1). In addition, CR 73.03 was amended to provide:

"The notice of appeal shall specify all the appellants and all the appellees; 'et al.' and 'etc.' are not proper designations of parties."

As amended CR 73.03 clearly requires that the notice of appeal specify the names of all of the appellees, as well as all of the appellants.

The provisions of CR 73.03 as amended must be construed in light of the provisions of CR 74 relating to cross-appeals. CR 74 provides in part:

"Any party may take a cross-appeal from a judgment of a trial court against a party who has taken an appeal against him."

CR 74 also grants an additional ten days within which to file a notice of cross-appeal, but a party who is not an appellee has no right to prosecute a cross-appeal. *Richardson v. Hoback,* 311 Ky. 574, 224 S.W.2d 932 (1949).

In order that the court can determine who is entitled to the additional ten days to cross-appeal allowed by CR 74, the notice of appeal must specify all of the appellees as required by CR 73.03 as amended. If the notice of appeal designates the appellees in such a way that it is possible to determine who is entitled to prosecute a cross-appeal under CR 74, then it follows that the notice of appeal has satisfied the requirement of CR 73.03 that all appellees be specified.

■ Turning first to No. CA–300–MR, the plaintiff below, James R. Yocom, as Commissioner of the Department of Labor, sued the Franklin County Fiscal Court and the individual members comprising the Fiscal Court. The county judge and magistrates composing the Fiscal Court were also joined as defendants. However, the county judge and magistrates were all sued in their official, rather than individual, capacity. The caption to the notice of appeal specified the defendants as "Franklin County Fiscal Court, et al." It is self evident that the Fiscal Court and all of its members in their official capacities were to be appellees to the appeal. This court is not required to guess that the designation "Franklin County Fiscal Court, et al." was intended to encompass the individuals composing the Fiscal Court. The court concludes that the notice of appeal in No. CA–300–MR sufficiently specifies the Fiscal Court and all of

its members as appellees to the appeal. That appeal should not be dismissed for failure to comply with CR 73.03.

A different problem is presented in No. CA–270–MR, *G. Reynolds Watkins Consulting Engineers, Inc. v. Southeast Jefferson-Southwest Shelby Water District, et al.* This action was originally commenced by the Watkins Engineering Firm to recover for engineering services rendered to the Water District. The only assets of the Water District were tap-on fee deposits made by the original subscribers to the Water District. Construction of the water system contemplated by the Water District proved unfeasible, and the system was never constructed. The engineering firm obtained a restraining order and, later, a temporary injunction prohibiting the Water District from returning the tap-on fee deposits to the subscribers.

The trial court held that the subscribers were indispensable parties, and Earl T. Frederick, individually and as representative of the class constituting the subscribers to the Water District, was permitted to file an intervening complaint seeking to impose a trust upon the tap-on fee deposits for the benefit of the subscribers. The trial court held that the contract between the Water District and its subscribers should be reformed so as to impose a trust upon the tap-on fee deposits. The amount of the tap-on fee deposits exceeded the amount claimed by the engineering firm for services rendered. The judgment entered by the trial court provided that the water district should return to the subscribers on a pro rata basis all deposits in excess of the amount of the engineering firm's claim.

Nowhere in the notice of appeal filed by the engineering firm is there any reference to the subscribers to the Water District who were the intervening plaintiffs. The reference in the caption to the "defendants" as the "Southeast Jefferson-Southwest Shelby Water District, et al." does not necessarily include the intervening plaintiffs. It should be noted that the original complaint joined the chairman of the Water District, Frank Schooler, Jr., as a party defendant. It has long been the rule that a party may not be designated by the expression "et al." See, *Commonwealth, Department of Highways v. Scott*, Ky., 435 S.W.2d 767, at 769 (1968). As amended, CR 73.03 expressly provides that "et al." is not a proper designation of parties in a notice of appeal. If CR 73.03 as amended applies to this appeal, then the subscribers to the Water District would not be parties to the appeal. As the subscribers are indispensable parties to the appeal, the failure to join the subscribers would be grounds for dismissing the appeal. See, *Commonwealth, Department of Highways v. Kelley*, Ky., 376 S.W.2d 539 (1964).

One other rule must be considered in passing upon the motion to dismiss. CR 86(2) provides that all amendments to the Civil Rules govern further proceedings in actions pending on the effective date of the amendments, with one exception. Based upon a determination that application of an amended provision would work injustice, the proper court may by order in its discretion direct that the procedure existing at the time the action was commenced will continue to apply. In the present case, the notice of appeal complied with all of the requirements of CR 73.03 existing through June 30, 1976. The notice of appeal was actually filed on August 18, 1976.

Because of the exigent circumstances existing as a result of the implementation of the Judicial Article, the Supreme Court was not able to give the members of the Kentucky Bar Association the sixty days notice of the amendments contemplated by CR 87. The copies of the amendments mailed to the individual members of the bar were printed in minute type which was extremely difficult to read. The first readable copy of the amendments was contained in the August 10, 1976, advance sheets to the Southwestern Reporter. Bar Association seminars on the new amendments were conducted from October 11, 1976, to October 28, 1976, well after the notice of appeal was filed on this case on August 18, 1976. Compare, *Mitchell v. White Consolidated, Inc.*, 177 F.2d 500 (7

Cir. 1949), with *Electric Plant Board v. Stephens,* Ky., 273 S.W.2d 817 (1954).

Having in mind the new policy of Section 115 of the Kentucky Constitution that there shall be as a matter of right one appeal in every case, this court concludes that it would be unjust to apply CR 73.03 as amended to this appeal, and that the provisions of CR 73.03 as they existed prior to July 1, 1976, should apply to this proceeding. Such an application of the prior rule causes no prejudice or undue hardship to the appellees. The court notes that the intervening plaintiffs have themselves perfected an appeal from an order of the trial court allowing a fee to the Water District's attorneys to be paid out of the trust held for the benefit of the subscribers.

By January 1, 1977, the members of the bar will have had ample opportunity to review and familiarize themselves with all of the amendments to the rules. After that date, there will be no need to apply the exception to the general rule of CR 86(2), and the members of the bar will be expected to comply with the rule amendments.

For the foregoing reasons, the motion to dismiss in No. CA–300–MR, *James R. Yocom, Commissioner, etc. v. Franklin County Fiscal Court et al.,* is hereby denied: and the motion to dismiss in No. CA–270–MR, *G. Reynolds Watkins Consulting Engineers, Inc. v. Southeast Jefferson-Southwest Shelby Water District, et al.,* is likewise hereby denied.

IT IS ORDERED that the provisions of CR 73.03 as they existed prior to July 1, 1976 shall apply to the proceedings of No. CA–270–MR on appeal.

All concur.