O. J. SCHULZ, t/d/b/a Schulz's Grocery and Donald A. Stothman, Appellants,

v.

Muriel CHADWELL, Appellee.

Donald O'BRYAN, by his statutory guardian George O'Bryan, Appellant,

v.

John C. PETERSON and Robert H. Peterson, d/b/a Seven Sons Farm, and P & D Manufacturing Company, Appellees.

Stuart N. PEARLMAN, Appellant,

v.

LIBERTY NATIONAL BANK AND TRUST COMPANY OF LOUISVILLE and Louisville Home Federal Savings and Loan Association, Appellees.

Court of Appeals of Kentucky.

March 18, 1977.

**182**

John G. Crutchfield, Louisville, Jon William Goodman, Davis Williams, Munfordville, Stuart N. Pearlman, Charles H. Zimmerman, Jr., Louisville, for appellants.

Marshall P. Eldred, Jr., Claude S. Eddleman, Jr., Louisville, Robert Spragens, Jr., Lebanon, William S. Bowman, William A. Miller, Louisville, for appellees.

PARK, Judge.

Common questions of appellate practice are raised by motions to dismiss filed in these three appeals. In each case, the motion to dismiss asserts that the notice of appeal failed to specify the appellees as required by CR 73.03, as amended by the Supreme Court effective July 1, 1976.

Prior to July 1, 1976, a notice of appeal under CR 73.03 was required to specify only "the parties taking the appeal." As amended, CR 73.03 provides:

> "The notice of appeal shall specify all the appellants and all the appellees; 'et al.' and 'etc.' are not proper designations of parties."

In construing the requirements of CR 73.03 as amended, in *Yocom v. Franklin County Fiscal Court*, Ky., 545 S.W.2d 296 (Ky.Ct. of App.1976), this court stated:

> "In order that the court can determine who is entitled to the additional ten days to cross-appeal allowed by CR 74, the notice of appeal must specify all of the appellees as required by CR 73.03 as amended. If the notice of appeal designates the appellees in such a way that it is possible to determine who is entitled to prosecute a cross-appeal under CR 74, then it follows that the notice of appeal has satisfied the requirements of CR 73.-03 that all appellees be specified."

The notice of appeal in each case will be examined in light of these principles.

In appeal No. CA–771–I, the plaintiff in the trial court was Muriel Chadwell, and the defendants were O. J. Schulz, t/d/b/a Schulz's Grocery, and Donald A. Strothman. The body of the notice of appeal provides:

> "Notice is hereby given that O. J. Schulz, t/d/b/a Schulz's Grocery, and Donald A. Strothman, defendants above named, hereby appeal to the Court of Appeals of

Kentucky from the final Judgment entered in this action on October 20, 1976."

The caption to the notice of appeal read:

> "Muriel Chadwell      Plaintiff
> vs.
> O. J. Schultz, t/d/b/a
> Schultz's Grocery and
> Donald A. Strothman      Defendants."

The notice of appeal clearly specifies that the two defendants, Schulz and Strothman, were taking the appeal. Being the only other party to the action, the plaintiff Muriel Chadwell was obviously the appellee.

In appeal No. CA–765–I, the notice of appeal provides:

> "Notice is hereby given that Donald O'Bryan by his Statutory Guardian, George O'Bryan, hereby appeals to the Court of Appeals from the Findings of Fact, Conclusions of Law and Judgment entered in this action on the 23rd day of December, 1976."

The caption to the notice of appeal provides:

> "Donald O'Bryan, by
> his Statutory Guard-
> ian, George O'Bryan      Plaintiff    .
> vs.
> John C. Peterson and
> Robert H. Peterson
> d/b/a Seven Sons Farms
> Loretta, Kentucky and
> P & D Manufacturing
> Company, Plainfield,
> Illinois      Defendants."

In this case, there are two parties other than the appellant. Nevertheless, the caption named both of the other parties.

In appeal No. CA–736–I, the body of the notice of appeal provides:

> "NOTICE is hereby given that the defendant, Stuart Pearlman, hereby appeals from the Final Order for Summary Judgment entered herein on November 18, 1976."

The caption to the notice of appeal provides:

> "Liberty National Bank
> and Trust Company of
> Louisville      Plaintiff
> vs.
> Stuart N. Pearlman,
> et al.      Defendants
> and

> Louisville Home      Defendant
> Federal Savings and      and Cross-
> Loan Association      Plaintiff
> vs.
> Stuart N. Pearlman      Cross-
> et al.      Defendants."

In addition to the parties named in the caption, Mary D. Pearlman, Restoration Management Inc., Daniel H. Ruckriegel, and Brody Floor Coverings Inc., were parties to the action in the circuit court. In an attempt to amend his notice of appeal, Pearlman indicates that the only parties made appellees were Liberty National Bank and Trust Company of Louisville and Louisville Home Federal Savings and Loan Association, both of whom are specifically named in the caption of the notice of appeal.

A number of Official Forms are contained in an Appendix to the Rules of Civil Procedure. CR 84 provides:

> "The forms contained in the Appendix of Forms are sufficient under the Rules and are intended to indicate the simplicity and brevity of statement which the Rules contemplate."

Form 22 of the Appendix relates to the notice of appeal under CR 73.03. As amended effective July 1, 1976, Form 22, provides:

> "Notice is hereby given that C.D. and E.F., defendants above named, hereby appeal to the [name of appellate court] [from the order (describing it)] [from the final judgment] entered in this action on _____, 19___."

Form 22 as amended does not require that the appellees be named in the body of the notice of appeal. Nevertheless, in the amendment to Form 22, the following material was added at the end of the form:

> "(Each appellant and each appellee must be named, 'Et al.' and 'etc.' are not sufficient designations.)"

If the appellees must be specified in the notice of appeal but need not be specified in the body of the notice of appeal, it follows that the appellees may be named in the caption to the notice of appeal.

■ In each case, the body of the notice of appeal follows Form 22 by naming only the person taking the appeal. As long as it conforms to Form 22, a notice of appeal is not defective under CR 73.03 merely because the appellees are not specified in the body of the notice. CR 84; cf. *Lee v. Stamper,* Ky., 300 S.W.2d 251 (1957).

■ The appellees are specifically named in the caption of each notice of appeal. If the appellees are not named in the body of the notice of appeal, better practice would dictate that the appellant use the designation "appellee" in the caption. Nevertheless, there is no magic to the use of the term "appellee." As we said in *Yocom v. Franklin County Fiscal Court, supra,* CR 73.03 is satisfied if the notice of appeal designates the appellees in such a way that it is possible to determine who is entitled to prosecute a cross-appeal under CR 74. In these three appeals, it is apparent that the appellees were all persons specifically named in the caption to the notice of appeal other than the appellants.

In discussing the technical requirements of pleading in *Prewitt v. Clayton,* 21 Ky. (5 T.B.Mon) 4 (1827), Chief Justice Bibb stated:

"It was unnecessary after stating the facts which constitute a trespass *quare clausum fregit,* to call the trespass by its name. A bear well painted and drawn to the life is yet the picture of a bear, although the painter may omit to write over it 'this is the bear.' "

To paraphrase Justice Bibb, there is no "cabalistic charm" in the word "appellee."

■ Taking into consideration Official Form 22, this court concludes that a notice of appeal complies with CR 73.03 if an appellee is specifically named in the caption even though he is not explicitly designated as an appellee. In appeal No. CA–771–I, the plaintiff Muriel Chadwell was necessarily the appellee in the appeal taken by both defendants. In appeal No. CA–765–I, the plaintiff appealed and specifically named both defendants in the caption of the notice of appeal. By specifically naming both defendants, it is apparent that the plaintiff-appellant intended to make both of them appellees. In appeal No. CA–736–I, the defendant and cross-defendant, Pearlman, specifically named the plaintiff, Liberty National Bank and Trust Company of Louisville, and the defendant and cross-plaintiff, Louisville Home Federal Savings and Loan Association, in the caption of the notice of appeal. By so doing, Pearlman sufficiently identified them as appellees. Under CR 73.03, the remaining parties to the action were not made parties to the appeal by the use of "et al." in the caption. Not being specifically named, they were not parties to the appeal, but this would not prevent the appeal from being perfected as to the parties who were specifically named in the caption.

■ In the absence of any specific designation using the term "appellee," any party, other than an appellant, who is specifically named in the caption will be deemed to be an appellee. If a party is not so named, it is not grounds for dismissing the appeal unless the omitted party is an indispensable party to the appeal.

For the foregoing reasons, the motions to dismiss the appeals in these three cases are DENIED.

All concur.