Corey **RICHARDSON**, Appellant,

v.

John **REES**, et al., **Appellee.**

No. 2008–CA–000721–MR.

Court of Appeals of Kentucky.

March 27, 2009.

Corey John Richardson, West Liberty, KY, pro se.

Angela E. Cordery, Justice and Public Safety Cabinet, Frankfort, KY, for appellee.

Before CAPERTON, TAYLOR, and WINE, Judges.

## OPINION

WINE, Judge.

Corey Richardson ("Richardson"), an inmate at Eastern Kentucky Correctional Complex ("EKCC"), brings this appeal, *pro se*, from a judgment of the Morgan Circuit Court entered April 4, 2008, where-

by the court entered an order dismissing Richardson's petition for declaration of rights. No subsequent motion to alter, amend or vacate the April 4, 2008 judgment was filed. After a thorough review, we affirm in part and reverse and remand in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

In June 2001, Richardson was sentenced to serve 20 years for multiple counts of second-degree assault and first-degree wanton endangerment. Subsequently, in May 2004, while at the Kentucky State Reformatory, he successfully completed a furniture upholsterer program. Pursuant to Kentucky Revised Statutes ("KRS") 197.045(1), the Kentucky Department of Corrections ("KDOC") awarded him 60 days Educational Good Time ("EGT") credit. Thereafter, in December 2004, Richardson, while housed at EKCC, successfully completed the necessary courses to earn an associate degree in Applied Sciences. In October 2005, he was again awarded 60 days EGT credit.

In December 2005, Richardson was conditionally accepted into the carpentry vocational program at EKCC. Richardson was advised that it would be necessary for him to demonstrate he had either successfully graduated from high school or had earned a General Equivalency Diploma[2] ("GED") in order to participate in this program. Richardson explained that, although he had attended and received a degree from a college, he had not graduated from high

school nor had he earned a GED. Richardson provided a copy of his high school and college transcripts, demonstrating that although he left high school after his junior year, he had been awarded a Bachelor of Health Science Degree in 1992. Because the requirements of EKCC Policy and Procedures 20–01–01(II)(B)(1)[3] were not waived, Richardson was required to complete the necessary testing for the GED. On March 7, 2006, Richardson was awarded a GED.

On March 15, 2006, Richardson appealed a decision that he would not be awarded 60 days EGT credit or a $150 incentive award for earning the GED. In response, Sharon Rose, an administrator with the KDOC, wrote,

It is my understanding you did acquire your GED her (sic) at Eastern, but you will not be credited with the Educational Good Time as your PSI states you earned an Associate Degree in North Carolina in 1989, A(sic) B.S. Degree in 1992 & completed the Masters Program from Nebraska.

Richardson appealed this decision on March 23, 2006, in accordance with the procedure outlined in Kentucky Corrections' Policies and Procedures ("KCPP") Educational Good Time 20.1(II)(C)(1)(f) and (g).[4] When no response was received, Richardson wrote to then-KDOC Commissioner John Rees on May 29, 2006. Although there is no response in the record, on August 15, 2006, Melissa Harrod, Administrator for Offender Information Services responded,

---

1. Because no testimony was given and limited documents introduced, this Court must rely in part on the appellant's unverified petition which was filed with the trial court for a factual background. As the appellee does not challenge the facts set forth in either the petition or appellant's brief, they shall be accepted as true for the limited purposes of this opinion.

2. Also referred to as Graduate Equivalency Degree or General Education Diploma.

3. Effective as of February 27, 2004.

4. Effective as of January 16, 2003.

....Your recent letter to Mr. John D. Rees, Commissioner, has been referred to this office for response. As stated in my previous correspondence dated June 6, 2006,[5] you are not eligible to receive educational good time for earning a GED while incarcerated if you already had college degrees. **A college degree can not be obtained without a GED or high school diploma.**

(Emphasis added.)

Richardson responded on August 20, 2006, reciting the directive that he complete the GED testing to participate in the carpentry program and the promise he would receive EGT credit and a $150 incentive award. He also included copies of his transcripts from high school and college. He also asked whether he had exhausted his administrative remedies or if additional action was necessary. In response, on September 5, 2006, Julie W. Thomas, Acting Branch Manager of Offender Information Services, confirming the response of Ms. Harrod, advised Richardson he was "not eligible for GED credit."

On January 3, 2007, Richardson filed a Petition for Declaration of Rights seeking a declaratory judgment that certain statutory and constitutional rights had been violated when he was denied 60 days EGT credit and the $150 incentive award for earning his GED, as well as punitive damages, costs, and attorney fees. Numerous exhibits were attached to the petition. Named in the petition were John Rees, Commissioner of KDOC, and seven additional KDOC administrators in their individual and official capacities. A response and motion to dismiss were filed by counsel on behalf of all the respondents. Included with the response was KCCP 20.1 which had an effective date of June 2,

2006, well after the date Richardson's cause of action arose. Subsequently, Richardson filed a motion for Summary Judgment pursuant to Kentucky Rules of Civil Procedure ("CR") 56.03. No response was filed by KDOC, and on November 8, 2007, Richardson moved the trial court to rule on his motion for summary judgment.

On April 4, 2008, the court sustained the respondents' motion to dismiss and denied Richardson's motion for a jury trial and appointment of counsel. Richardson's timely appeal followed.

## II. ANALYSIS

■ At the outset, we note a procedural problem with Richardson's appeal. Although there were eight individual respondents named in Richardson's petition for declaratory judgment, Richardson only named John Rees as an appellee in his notice of appeal. In fact, the caption named "John Rees, *et al.*" as "respondents," not appellees. The only appellees listed in the body of the notice of appeal were "John Rees, *et. al.*"

CR 73.03(1) states in part that, "The notice of appeal shall specify by name all appellants and all appellees (*'et al.'* and *'etc.'* are not proper designations of parties) and shall identify the judgment, order or part thereof appealed from." By identifying the appellees in his notice of appeal as "John Rees, et. al.", Richardson failed to comply with the rule. Because the other seven individual respondents were not named as appellees in Richardson's notice of appeal, they are not parties to the appeal. See *Schulz v. Chadwell*, 548 S.W.2d 181, 184 (Ky.App.1977). Therefore, thirty days after the Morgan Circuit Court judgment was entered, the judgment was final

---

**5.** Richardson denies receiving a letter dated June 6, 2006, and further claims none was

supplied in response to an Open Records request.

and no longer appealable as to any of the other seven individual respondents.

However, the failure to name the other seven individuals as appellees is not grounds for dismissing the appeal as to Rees unless the others are deemed to be indispensable parties to the appeal. *See id.* and *Anderson v. National Sec. Fire and Cas. Co.*, 870 S.W.2d 432, 434 (Ky. App.1993). Our review of Richardson's petition indicates that Rees was the Commissioner of KDOC from March 2006 through September 2006 when Richardson was denied the EGT credit. As Commissioner, Rees had the ultimate responsibility in deciding whether Richardson was entitled to EGT credit. Although some of the other respondents made recommendations as to the award of EGT credit or made representations to Richardson, we do not find them to be indispensable. Thus, we will address the merits of Richardson's appeal.

According to CR 12.03 if, on a motion to dismiss, the trial court considers matters outside the pleadings, then the trial court must treat the motion as one for summary judgment. Because the Morgan Circuit Court considered matters outside the pleadings, it should have construed the defendants' motion as a motion for summary judgment. CR 56.03.

█ "The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App.1996). As previously noted, the KDOC does not challenge the facts set out by Richardson in either his petition before the trial court or his brief on appeal. "Because summary judgments involve no fact finding, this Court reviews findings *de novo,* in the sense that we owe no defer-

ence to the conclusions of the trial court." *Blevins v. Moran,* 12 S.W.3d 698, 700 (Ky. App.2000). Thus, *de novo* review would be appropriate here as both parties moved for a resolution by the court, conceding there were no factual disputes. *See Western Kentucky Coca–Cola Bottling Co., Inc. v. Revenue Cabinet,* 80 S.W.3d 787, 790 (Ky. App.2001).

"Good–Time" credits are controlled by KRS 197.045. KRS 197.045(1) was amended effective July 13, 1990 to provide for EGT credit. The statute was amended again so that in 2006 it provided that the Department "**shall** provide **an** educational good time credit of sixty (60) days to any prisoner who successfully receives a graduate equivalency diploma or a high school diploma, a two (2) or four (4) year college degree, **or** a two (2) year or four (4) year certification in applied sciences, **or** who receives a technical education diploma as provided and defined by the department; prisoners **may** earn additional credit for each program completed." (Emphasis added.)

█ We agree with Richardson that EGT credit, under limited circumstances, is a protected liberty interest entitled to due process protection. The awards of other forms of good time credit have been deemed discretionary. *Anderson v. Parker,* 964 S.W.2d 809 (Ky.App.1997) (because the award of Mandatory Good Time ("MGT") is discretionary, it does not qualify as a protected liberty interest). However, in *Martin v. Chandler,* 122 S.W.3d 540, 545 (Ky.2003), EGT credit was recognized as mandatory. Where the Commonwealth has created a right to a good time credit which has not been awarded, there is a Fourteenth Amendment "liberty" implicated entitling inmates to minimum procedures required by the due process clause to insure that the state-created right is not arbitrarily abrogated. *See Wolff v.*

*McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (U.S.Neb.1974); *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Not only does KRS 197.045(1) mandate EGT credits, the regulations of KDOC establish criteria for awarding or denying the granting of EGT credits. In *Kentucky Dept. of Corrections v. Thompson,* 490 U.S. 454, 462, 109 S.Ct. 1904, 1908, 104 L.Ed.2d 506 (1989), the United States Supreme Court held:

> Stated simply, "a State creates a protected liberty interest by placing substantive limitations on official discretion." A State may do this in a number of ways. Neither the drafting of regulations nor their interpretation can be reduced to an exact science. Our past decisions suggest, however, that the most common manner in which a State creates a liberty interest is by establishing "substantive predicates" to govern official decision-making ... and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met. (Internal cites omitted.)

■ The clear intent of the statute is to award EGT credits for certain technical achievements, secondary and higher education diplomas. There is an obvious benefit to educating prisoners so as to ensure increased job opportunities once they are released from the institutions. Incentives such as monetary awards or good time credit will encourage inmates to participate in educational programs. An inmate who arrives at the institution without a high school diploma might subsequently earn a GED, achieve proficiency in a vocational trade, and/or earn a college degree, which would enhance his marketability in an increasingly shrinking job market. It would not be unreasonable for KDOC to award multiple EGT credits to encourage such a scenario. However, the KDOC may use its discretion in awarding EGT credit and is not required to grant an inmate EGT credit if there had been a previous award for another program(s).

■■ The question arises as to whether there are restrictions or limitations as to how many times EGT credit must be awarded when considering these various educational achievements. We must review the statute without reference or deference to the statutory interpretation by the circuit court. *Cinelli v. Ward,* 997 S.W.2d 474, 476 (Ky.App.1998). "The construction and application of statutes is a matter of law and may be reviewed *de novo.*" *Bob Hook Chevrolet Isuzu, Inc. v. Com. Transp. Cabinet,* 983 S.W.2d 488, 490 (Ky.1998).

■ Statutory construction rules require construing all sections of a statute to ascertain a statute's meaning. *See Combs v. Hubb Coal Corp.,* 934 S.W.2d 250, 252 (Ky.1996) (Courts must try to harmonize and give effect to all sections and must try to construe the statute in such a manner that no part is rendered meaningless and ineffectual.). "We have a duty to accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion." *Bailey v. Reeves,* 662 S.W.2d 832, 834 (Ky.1984). *See also, Ky. Unemployment Ins. Comm'n v. Jones,* 809 S.W.2d 715, 716 (Ky.App. 1991).

The EGT credit provision of KRS 197.045(1) is divided into two components. First, the statute lists four categories of technical, secondary education, or advanced diplomas where **an** EGT credit shall be awarded. To wit: (1) general equivalency diploma (GED) or high school diploma; (2) a two or four year college degree, (3) a two year or four year certification in applied sciences; (4) a technical education diploma as provided and defined by the department. The conjunction word "or" presents alternates or substitutes for

programs of equal importance. Second, while **an** EGT credit shall be awarded for one of them, an independent clause following the semicolon [6] makes it clear that an additional award of EGT credit is within the discretion of the KDOC. When we interpret this statute, we must give both sections equal weight. Thus we believe the KDOC correctly applied a limitation of one mandatory award of EGT credit for completing a program in one of the categories listed above. Awards of additional EGT credit are within the discretion of the KDOC subject to the guidelines set out in KCPP 20.1(II)(C)(1) and (2). Those guidelines provide:

> Educational Good Time shall only be available if the inmate earned a GED or other authorized achievement after July 13, 1990.
>
> 1. Program completion shall be verified by the Correctional School administrator and Educational Good Time shall be awarded under the following guidelines:
>> a. Recommendations for educational good time shall be forwarded to the Warden and then to Central Office for final approval;
>
> 2. Educational Good Time shall not be awarded for the following:
>> a. a GED award for inmates who already have a GED or high school diploma;
>>
>> b. for inmates who have received a previous educational good time award in a related area;
>>
>> c. for inmates whose record indicates a proficiency in the same area . . .

 Our focus must then be on whether the KDOC abused its discretion in denying Richardson additional EGT credit for successfully completing the GED test.

 Abuse of discretion is defined as "an adjudicator's failure to exercise sound, reasonable, and legal decision-making." BLACK'S LAW DICTIONARY 10 (7th ed.1999). Judicial review of an administrative action is limited to determining whether such action was arbitrary. *Liquor Outlet, LLC v. Alcoholic Beverage Control Bd.*, 141 S.W.3d 378 (Ky.App.2004). Arbitrariness will be imputed to an administrative action if: (1) the agency acted outside the scope of its granted powers; or (2) the agency failed to afford procedural due process to the party affected by its decision; or (3) substantial evidence does not support the decision. *Com., Revenue Cabinet v. Liberty National Bank of Lexington*, 858 S.W.2d 199, 201 (Ky.App.1993) (citing *American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Comm'n*, 379 S.W.2d 450 (Ky. 1964)).

KDOC denied Richardson additional EGT credit solely for the reason set out in Melissa Harrod's letter of August 15, 2006. Either she did not believe he had a college degree or she did not believe he lacked a GED or high school diploma. Either of these beliefs had no basis in fact. Richardson was directed to complete a GED class because vocational counselors at KDOC believed he did not have a GED or high school diploma. Although he presented copies of his transcripts from his high school and college supporting his claim that a college degree should meet the requirements of a GED or high school diploma, he was still required to take the class for a GED. The transcript from the University of Florida refuted any assumption that a college degree would not be awarded absent a GED or high school

---

6. A mark of punctuation (;) indicating a degree of separation greater than that marked by the comma and less than that marked by the period: used chiefly to separate units that contain elements separated by commas, and to separate closely related coordinate clauses.

diploma. Finally, KDOC does not challenge claims by Richardson that counselors at EKCC assured him that he would be awarded additional EGT credit if he successfully obtained his GED. Thus, we believe that there was no substantial evidence to support KDOC's decision.

▬ Richardson next complains that the trial court did not address his claim of breach of contract in the order of April 4, 2008. However, Richardson failed to preserve this issue for our review by moving the trial court to amend its order pursuant to CR 52.02 or CR 59.05. Richardson is, therefore, precluded from seeking such review before this Court by operation of CR 52.04.

▬ Finally, Richardson argues that his equal protection rights were violated when the Department awarded EGT credit to fellow inmates. This issue is unpreserved as it is brought up for the first time on appeal. "It is a matter of fundamental law that the trial court should be given an opportunity to consider an issue, so an appellate court will not review an issue not previously raised in the trial court." *Marksberry v. Chandler*, 126 S.W.3d 747, 753 (Ky.App.2003). We do note that the arguments asserted by appellant fail to make out an equal protection claim. As the Sixth Circuit stated, "... the plaintiff could not make out a violation of his equal protection rights simply by showing that other inmates were treated differently. He would have to show that he was victimized because of some suspect classification, which is an essential element of an equal protection claim." *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir.1992) (internal citations omitted). Therefore, we decline to find a violation of appellant's equal protection rights.

### III. CONCLUSION

We affirm the Morgan Circuit Court judgment of dismissal as to the seven respondents not named in this appeal, but reverse that portion of the judgment which dismissed Richardson's claim for Educational Good Time Credit and remand this matter to the circuit court for disposition of this claim, as well as any remaining claims, consistent with this opinion.

ALL CONCUR.