Donald ROBERTS, Appellant

v.

LaDonna THOMPSON, Commissioner,
Kentucky Department of
Corrections, Appellee.

No. 2011–CA–001950–MR.

Court of Appeals of Kentucky.

Dec. 7, 2012.

Donald Roberts, LaGrange, KY, Pro se,
for appellant.

John Marcus Jones, Frankfort, KY, for
appellee.

Before COMBS, DIXON, and
VANMETER, Judges.

*OPINION*

VANMETER, Judge:

Donald Roberts, an inmate at the Kentucky State Reformatory, appeals, *pro se,* from an order of the Franklin Circuit Court dismissing his petition for a declaration of rights seeking Educational Good Time ("EGT") credit towards his sentence. For the following reasons, we reverse and remand.

Roberts began his sentence in 2005, and since that time has earned two associate degrees in applied sciences from the Jefferson Community and Technical College; the first, in the field of General Occupational and Technical Studies in May 2008, the second, in the field of Automotive Technology in December 2010. The Department of Corrections ("Department") declined to extend Roberts 90 days of EGT credit for each associate degree, for a total of 180 days. Roberts filed the underlying petition for declaration of rights requesting the Franklin Circuit Court to order the Department to extend him 180 days of EGT credit.

Upon review of Roberts' academic transcript, the Department awarded Roberts 90 days of EGT credit for completing an associate degree in applied sciences in the field of General Occupational and Technical Studies in May 2008. The Department decided that although Roberts' transcript showed that he had earned a second associate degree in applied sciences in December 2010, he was only entitled to EGT credit for one applied sciences degree. The circuit court agreed, and dismissed the petition for failure to state a claim

upon which relief can be granted. This appeal followed.[1]

■ A motion to dismiss for failure to state a claim upon which relief may be granted is purely a question of law, and thus, we owe no deference to the trial court's determination; instead, we review the issue *de novo*. *Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky.App.2009) (citations omitted).

The Commonwealth cites to *Richardson v. Rees*, 283 S.W.3d 257 (Ky.App.2009), for the proposition that once an inmate receives EGT credit for completing a degree, certification, or diploma, the Department has discretion to award additional EGT credit for any subsequent degrees or certificates earned by the inmate. However, at the time this court rendered *Richardson*, KRS[2] 197.045(1) mandated EGT credit for a diploma, degree, or certification earned, and further stated "prisoners *may* earn additional credit for each program completed." (emphasis added). The current version of KRS 197.045(1) no longer grants such discretion to the Department; taking effect in June 2011, KRS 197.045(1) now requires the Department to award EGT credit to an inmate for:

> Successfully receiving a general equivalency diploma or a high school diploma, a two (2) or four (4) year college degree, a two (2) year or four (4) year certification in applied sciences, a technical education diploma as provided and defined by the department, or a civics education program that requires passing a final exam, in the amount of ninety (90) days *per* diploma, degree, or certification received[.]

(emphasis added). Our reading of KRS 197.045(1) indicates that the Department may no longer decide whether to award EGT credit for additional diplomas, degrees, or certifications, but is required to do so. The Department may promulgate regulations defining "technical education diploma," but does not have that discretion with respect to the other items listed in KRS 197.045(1). As a result, to the extent *Richardson* recognizes such discretion, it is not controlling.

■ Here, the parties agree that Roberts earned an associate degree in applied sciences in the field of General Occupational and Technical Studies in May 2008, for which the Department, as required by law, extended him EGT credit in the amount of 90 days towards his sentence. The parties also agree that Roberts earned a second associate degree in applied sciences in the field of Automotive Technology in December 2010, for which the Department denied EGT credit. We disagree with the Commonwealth's assertion that the Department can deny EGT credit for a degree earned in a related area. Both the Commonwealth and the circuit court cited to Kentucky Corrections Policies and Procedures ("KCPP"), promulgated by the Department and incorporated by reference in 501 KAR[3] 6:020. KCPP 20.1(II)(C)(1)(c)(b) provides that "[EGT] shall not be awarded for … an inmate who has received a previous [EGT] award in a related area[.]" However, since the current version of KRS 197.045 removes any discretion the Department previously had in awarding EGT credit, this provision of KCPP has no effect. As a result, the circuit court erred by dismissing Roberts'

---

**1.** The named appellee is LaDonna Thompson, Commissioner of the Department of Corrections.

**2.** Kentucky Revised Statutes.

**3.** Kentucky Administrative Regulations.

petition seeking to be restored EGT credit for his second associate degree in applied sciences.

The order of the Franklin Circuit Court is reversed and this case is remanded with directions to enter an order requiring the Department of Corrections to extend Roberts 90 days of EGT credit.

ALL CONCUR.